(88 App. Div. 488.)

BENEDICT et al. v. INTERNATIONAL BANKING CORP. et al.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. LANDLORD AND TENANT — LEASE — QUIET ENJOYMENT — DESTRUCTION OF BUILDING—INJUNCTION—MODIFICATION.

Where, at the time of the sale of a building, plaintiffs were in possession of the front half of the first floor under an unexpired lease, and, on defendants attempting to destroy the building in order to construct another, plaintiffs obtained an injunction pending trial restraining defendants from removing the roof and walls of the premises, and from leaving the premises exposed to the elements, and from interfering with complainants' peaceable possession of the property, it was error to modify such injunction so as to permit the defendants to remove the rear of the building to the rear wall of the office occupied by the plaintiffs on condition that they should construct certain facilities for plaintiffs' use and protect plaintiffs from injury, and also authorizing the removal of that portion of the building above the premises occupied by plaintiffs in such a way as would not "unreasonably interfere with plaintiffs' right of quiet enjoyment."

Appeal from Special Term, New York County.

Suit by James A. Benedict and another against the International Banking Corporation and others. From an order modifying a temporary injunction, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

W. P. Prentice, for appellants.
Willard Parker Butler, for respondents.

O'BRIEN, J. The plaintiffs are the only remaining tenants of the premises known as No. 62 Wall street, which were purchased by the defendant Sixty Wall Street, a corporation, with the intention of including it, with certain other adjacent property, in a plan to construct a large building. The lease under which the plaintiffs hold, of the front half of the first floor of the building designated 62 Wall street, contains a covenant for quiet enjoyment, and is for a term of three years from the 1st day of May, 1902, with the right of renewal for the further term of two years from the 1st day of May, 1905.

With respect to the intentions of the building company the complaint alleges that the defendants—

"Have already removed the greater part of the structure 60 Wall street aforesaid, and have broken through the westerly wall of No. 62 Wall street on several stories, and exposed said stories to the elements, and the upper stories of said No. 62 Wall street are now incumbered by bricks and rubbish, and in the case of the third and fourth stories by water, and are already untenantable; and the defendants above named have broken said skylight, and exposed plaintiffs' premises to the elements, and by the acts aforesaid have endangered the safety and tenantability of the premises occupied by the plaintiffs."

The relief sought is to enjoin the defendants from interfering with the quiet enjoyment by the plaintiffs of the leased premises.

The plaintiffs obtained an injunction restraining certain alleged trespasses of the defendants, in an order, dated July 20, 1903, to show cause why such injunction should not be continued during the pendency of the suit. Its material provisions were as follows:

"Ordered, that the defendants show cause  *  *  *  why the defendants  *  *  *  should not during the pendency of this action, and until the final determination thereof, be enjoined and restrained from removing the roof and walls of the premises No. 62 Wall street, or any part thereof, and from leaving the floors and ceilings and skylights thereof, and especially the ceilings and skylights of the main floor thereof, now occupied by plaintiffs, and plaintiffs' said premises, exposed in any manner to the elements or to damage by water or otherwise, and from obstructing the light, air, or access of plaintiffs of and to plaintiffs' said premises, and from interfering in any way with the quiet and peaceable occupation, possession, and enjoyment of said premises by the plaintiffs, and from refusing to restore said premises to the condition in which they were on and prior to the 10th day of July, 1903, and why the plaintiffs should not have such other and further relief as may be just in the premises; and  *  *  *  ordered, that the defendants  *  *  *  be enjoined as above until the hearing and determination of this motion."

The hearing being had on such order to show cause, the injunction therein contained was modified by order dated July 28, 1903, as follows:

"Ordered, that the temporary injunction  *  *  *  is hereby modified in such manner as to permit and authorize the defendant to take down and remove the rear building now on the premises No. 62 Wall street up to the rear wall of the office occupied by the plaintiffs, upon condition that the defendants shall previously construct and deliver possession thereof to plaintiffs of safe, adequate, and convenient closets and toilet facilities, and shall at all times protect the plaintiffs' skylight, and the light therefrom, and shall protect the plaintiffs' premises and plaintiffs from any injury due to such removal."

Subsequently, upon an application to further modify the original injunction order, a modification was granted in the following particulars, in an order dated September 30th, 1903:

"So as to allow and authorize the removal by the defendants, or any of them, of that portion of the building No. 62 Wall street which is above the premises occupied by the plaintiffs in such a way as will not interfere unreasonably with the plaintiffs' right to quiet enjoyment of said premises so occupied, and so that the roof of that portion of the building No. 62 Wall street which is above the premises occupied by the plaintiffs shall not be removed, or the plaintiffs' premises exposed, until there has been placed over said premises so occupied by them, in a way that will not unreasonably interfere with their right of quiet enjoyment, a suitable roof, that will afford ample

protection from the weather, so that the defendants shall not be required to restore the building No. 62 Wall street to the condition in which it was on and prior to the 10th day of July, 1903."

It is from this latter order that the plaintiffs appeal.

There is no serious dispute as to what were the plaintiffs' rights under the lease. Instead, however, of the injunction order which has been appealed from protecting these rights, it has, in terms, been framed so as to permit the defendants to proceed with their building operations in such manner as they think proper, provided they do not "unreasonably interfere with the plaintiffs' right of quiet enjoyment." The order, therefore, does not protect the plaintiffs, but it has left the determination of what is an unreasonable interference with the plaintiffs' rights as lessees practically with the defendants. Without, in detail, enumerating their rights, we think it clear, for instance, that the plaintiffs are entitled to have the floor above them, which served as a roof, together with the skylight from which they derived light, remain undisturbed during the pendency of the action. We think, therefore, that in the modification which was first made of the original injunction order, and which permitted the defendants to take down and remove the rear building up to the wall of the defendants' office, upon condition that the defendants should give conveniences equal to those which the plaintiffs had in such rear building, and required the defendants to protect the plaintiffs' skylight and premises from injury due to such removal, the court went as far as it was justified until a trial could be had, and that the subsequent modification, which permitted the defendants to proceed to any extent that they might think proper, and that they might determine would not unreasonably interfere with the plaintiffs' quiet enjoyment, should not have been made.

The order appealed from is accordingly reversed, with $10 costs and disbursements.

INGRAHAM, J., concurs.

VAN BRUNT, P. J. We concur in the result. We do not think that any modification of the original order should have been made. The plaintiffs were entitled to that which they had contracted to get, and nothing else, and nobody had the right to say that they shall take something else because in their opinion it is just as good.

McLAUGHLIN and HATCH, JJ., concur.