No. 19,355.

HARRY J. HANSEN, ET AL. *v.* BRUCE PHAGAN, ET AL.
(361 P. [2d] 977)

Decided May 15, 1961.

Messrs. THOMAS AND THOMAS, for plaintiffs in error.

Mr. JOHN C. MARSH, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

THE parties are here in the same order in which they appeared in the trial court and will be referred to as they there appeared or by name.

Plaintiffs brought this action to recover damages for loss of wheat and stubble by a fire alleged to have been caused by the negligence of defendants.

Plaintiff DaVatz owned land which was being farmed by plaintiff Hansen as tenant-operator. Each had an interest in the 1958 crop of wheat grown thereon.

Hansen employed one Woods to harvest the wheat. Woods, who was in complete charge of the operation, employed the defendants to furnish a truck with driver to collect the harvested wheat from combines and to haul it to Genoa about ten miles away.

On July 14, 1958, defendant Neil Phagan, pursuant to the aforementioned arrangement with Woods, was driving a 1947 International truck owned by his father, defendant Bruce Phagan.

The day was hot, dry, and almost still. The truck exhaust pipe extended from the right side of the motor, crossed underneath the cab and upward for a proper distance on the left side of the cab.

Woods had in the field two combines which used propane gas fuel, both of which were equipped with exhaust pipes. Trucks additional to that being driven by defendant Neil Phagan were collecting and loading wheat from the combines in the same manner as Phagan. Some of these trucks had exhaust pipes which went from the motor under the truck and discharged the exhaust at the rear of the truck. In loading, the trucks were driven along the left of the combines as they cut the wheat in the field and in that manner it was collected from the combines. Stubble left in the field after the grain head was cut off by the combine ranged in height up to two feet.

Defendant Neil Phagan on the day in question had collected one load of wheat from the combine and delivered it to Genoa. He came back to the field, loaded some wheat from one combine and was loading from the second when a signal was given him by a man on the second combine indicating his truck was full, whereupon he stopped and stepped out of the cab and verified the fact that his truck was full.

He was engaged in leveling the wheat so a tarpaulin

could be put over it, preparatory to driving the loaded truck from the field to Genoa, when a man on the combine informed him that there was a fire under his truck. Phagan dismounted and saw a patch of fire one and one-half to two feet in diameter on the ground at the right front wheel of his truck. He tried to put it out with a fire extinguisher, but without avail. He then tried to beat it out with his feet, but was unsuccessful. The fire continued burning away from the right front tire of defendant's truck and consumed about fifty-three acres of unharvested wheat. The right front tire and the lights on the front of Phagan's truck were burned, but the fire did not extend under the truck.

The foregoing is a summary of all of the evidence in which there is no substantial conflict.

At the close of the plaintiffs' testimony defendants moved for a nonsuit and, after all testimony had been presented, defendants moved for a directed verdict. Both motions were denied.

The court gave to the jury the usual instruction as to negligence and due care, and also gave an instruction predicated on the doctrine of res ipsa loquitur, as follows:

"You are further instructed, however, that in a case such as this if you find that the plaintiffs have proved by a preponderance of the evidence that the motor vehicle which caused the fire was under the control and management of the defendants, or either of them, and that the fire was such that in the ordinary course of events it would not have happed [sic] if those who were in control or management of the truck had used proper and ordinary care, then the law presumes that the defendants were negligent in the operation of the truck and you must find your verdict for the plaintiffs and against the defendants. However, if you find that the defendants have proved by a preponderance of the evidence that they were not negligent, your verdict should then be in favor of the defendants."

Plaintiffs made no objections to any of the instructions.

The jury returned a verdict in favor of the defendants. Within the time allowed therefor plaintiffs filed their motion for judgment non obstante veredicto or for a new trial, urging that the court erred in failing to limit or restrict the jury in its consideration to the sole question as to whether the defendants had sustained their burden of showing that they were in fact free from negligence. This motion was denied and plaintiffs are here by writ of error seeking reversal.

■ There is no evidence in the record to establish the fact that the truck started or caused the fire. Mere proximity without more does not establish causal connection. The fire was not in the vicinity of the exhaust of defendants' truck. It was close to the combine belonging to third parties. It may have been started by another vehicle or by negligence of one of the several men present in the field or from other causes.

■ The record does not disclose the source of the fire, consequently the elements necessary to establish a case of res ipsa loquitur are not present and the court should not have instructed the jury on the doctrine of res ipsa loquitur. *Weiss v. Axler,* 137 Colo. 544, 328 P. (2d) 88.

By the foregoing instruction, the court imposed a duty upon the defendants not warranted by the evidence.

This erroneous instruction being favorable to plaintiffs cannot be considered as prejudicial error.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.