ERNEST F. GRANATA v. SCHAEFER'S BAKE SHOP, INC.

CIRCUIT COURT

NINTH CIRCUIT
FILE No. CV 9-6612-3802

Memorandum filed May 25, 1967

*Robinson, Robinson & Cole,* of Hartford, for the plaintiff.

*Pierce & Gillette,* of Hartford, for the defendant.

KOSICKI, J. On July 2 and for a long time prior thereto the plaintiff was the owner and operator of a business known as the Middletown Typewriter

Company and a tenant in possession at 160 Main Street, Middletown, adjoining the bake shop of the defendant. On said day at about 8 p.m., Benjamin Haber, who was the principal stockholder of the defendant company, was the baker solely in charge of the baking shop and had ignited and put in operation a fryolator in preparation for its use in the defendant's baking operations. The fryolator was located in the southeast corner of the baking premises and adjoined a party wall between the bakery and the premises of the plaintiff on the south.

After lighting the fryolator, Haber left the baking premises unattended and went to the forward part of the bakery, which consisted of a salesroom facing on Main Street and separated from the baking premises by a partition and a door. At about 8:45 p.m., Haber detected an odor of something burning in the bakery and immediately rushed there to ascertain the cause. He found the fryolator aflame, and the area around it, including the walls and ceilings, had been ignited. Upon his order, a fire call was immediately telephoned to the fire headquarters, and promptly thereafter the Middletown fire department arrived on the scene. It found a conflagration of considerable and growing proportions within the bakery and in the vicinity of the fryolator and immediately began to extinguish the fire and to protect the surrounding premises. Fortuitously, two fire companies from adjoining towns happened to be passing at the time and joined in fighting the fire on the premises. In doing so, it was necessary to break into the store of the plaintiff and to drag there the necessary hoses and fire fighting equipment in order to contain the blaze on the defendant's premises. The fire was not extinguished until about midnight. Meanwhile, the plaintiff's premises were considerably damaged as a

result of the fire, smoke and water, all of the damage being caused because of the necessity of extinguishing the fire in the defendant's bakery.

Upon a review of the evidence and the exhibit, it is found that the defendant was negligent as alleged in the complaint in leaving a deep fat fryolator burning unattended when it should have known of the danger of the grease in the fryolator igniting and setting fire to the premises, and in failing to use reasonable care in the operation of the fryolator under the circumstances then and there existing.

There appears to be no substantial dispute about the fact that the fire was caused by improper functioning or negligent inspection or supervision of the fryolator, which was a source of danger when unattended. A similar occurrence had taken place sometime before when the fryolator was being operated by an employee who had improperly set the fryolator in operation. There was some testimony that the fire may have been caused by a freezer which was located a short distance away from the fryolator. No expert testimony was offered to substantiate the hypothesis, and the court cannot accept mere conjecture as proof. Such evidence as has been offered on that score is not credited.

In view of the defendant's previous experience with a fire caused by this same fryolator, due care required adequate supervision. Ordinary prudence would dictate that the defendant take reasonable precautions to anticipate such danger as actually occurred. *St. George Pulp & Paper Co.* v. *Southern New England Telephone Co.*, 91 Conn. 563, 565, 569. The proof of the defendant's liability and its being the proximate cause of the plaintiff's injury was within the general allegations of the complaint. *Malone* v. *Steinberg*, 138 Conn. 718.

It was not necessary for the plaintiff to prove his case by direct evidence. Circumstantial evidence and inferences logically deducible therefrom by a reasonable mind were sufficient. *Ruerat* v. *Stevens,* 113 Conn. 333. Furthermore, under the circumstances of this case the plaintiff was not precluded from asserting the doctrine of res ipsa loquitur, where the conditions were such that the doctrine could reasonably be invoked. *Briganti* v. *Connecticut Co.,* 119 Conn. 316, 320, 321. The court does not rest its decision on the application of the doctrine of res ipsa loquitur. This offers only a presumption, and the evidence offered on both sides is such as to sustain the allegations of the complaint. *Humphrys* v. *Beach,* 149 Conn. 14; *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.,* 105 Conn. 640.

The parties have stipulated that in the event the plaintiff prevailed in his action the damages amounted to $1700.

Judgment may enter for the plaintiff to recover damages in the amount of $1700.