ELIZABETH BROWN et al., Respondents, v. CITY OF NEW YORK, Appellant. CITY OF NEW YORK, Third-Party Plaintiff-Appellant, v. LACKNEER CORPORATION et al., Third-Party Defendants-Respondents. A. DE PINNA COMPANY, Fourth-Party Plaintiff-Appellant, v. ALLIED MAINTENANCE CORPORATION, Fourth-Party Defendant. CITY OF NEW YORK, Fifth-Party Plaintiff-Appellant, v. ALLIED MAINTENANCE CORPORATION, Fifth-Party Defendant-Respondent.— Judgment, Supreme Court, New York County, entered on September 17, 1970, adjudging, *inter alia,* that plaintiffs are entitled to recover from defendant the City of New York ("The City") the aggregate sum of $30,000 plus interest and costs, and that The City's fifth-party complaint against respondent Allied Maintenance Corporation ("Allied") be dismissed on the merits, unanimously modified, on the law and on the facts, to the extent of reinstating said fifth-party complaint and apportioning the fault equally between The City and Allied. Except as so modified, the judgment is otherwise affirmed. Plaintiffs-respondents shall recover of the City of New York $60 costs and disbursements of this appeal. This action, grounded in negligence, was brought against The City alone. Various other parties were then impleaded, including Allied. Pursuant to a stipulation entered into among The City and all impleaded defendants, it was agreed that plaintiffs' case would be tried first to a jury and, thereafter, all questions of law and fact concerning the third, fourth and fifth-party complaints would be resolved by the Trial Judge. The jury rendered a verdict in favor of plaintiffs against The City which was reduced by the court below. The Trial Judge then dismissed The City's claims against the impleaded defendants. The City limits its appeal to attacking the judgment in favor of plaintiffs and the dismissal of the fifth-party complaint against Allied. Since the record before us contains sufficient evidence to sustain the verdict against The City, we affirm that portion thereof. Although the Trial Judge found Allied to have been actively negligent (and we affirm such finding), he dismissed the fifth-party complaint because of the active negligence of The City. Such determination was correct as of the date it was announced. Since said date, however, the Court of Appeals, in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), has held that apportionment of damages between joint tortfeasors is now permissible. We must, of course, apply the law as it now exists. (*Kelly* v. *Long Is. Light. Co.,* 31 N Y 2d 25.) Under ordinary circumstances, this would require a remand to the Trial Judge for an adjudication of relative contribution by each party actively negligent. Unfortunately, the Trial Justice is now deceased. However, we have the power to grant such judgment on this nonjury issue as the Trial Justice, upon the evidence adduced, should have granted. (*Hacker* v. *City of New York*, 26 A D 2d 400, affd. 20 N Y 2d 722.)

On the record before us, it appears that Allied was as culpable as The City. The latter knew of the defective condition of the sidewalk and failed to correct it; while the former tried to correct it and failed to do so. The fact that Allied neither originated the condition nor aggravated it is of no consequence. Having decided to act, it was required to act carefully. (*Glanzer* v. *Shepherd,* 233 N. Y. 236; *Marks* v. *Nambil Realty Co.,* 245 N. Y. 256.) Accordingly, we apportion the damages evenly between The City and Allied. Settle order on notice. Concur — Stevens, P. J., McGivern, Nunez, Murphy and Eager, JJ.