■ BERNARD BRAUNSTEIN, Doing Business as DE LUXE BUSINESS MACHINES, Appellant, v. MAURICE ROBINSON, as Administrator of the Estate of AARON J. ROBINSON, Deceased, et al., Respondents.— Appeal from a judgment of the County Court of Chemung County in favor of defendants, entered January 10, 1970, upon a dismissal of the complaint at the close of plaintiff's case. In an action against his landlord and a contractor engaged by the lessor, plaintiff seeks to recover damages for injury to his property and business. Since judgment has been granted to defendants as a matter of law, we must examine the evidence in the light most favorable to plaintiff to determine whether the case should have been submitted to the jury (CPLR 4401; *Calvaruso* v. *Our Lady of Peace R. C. Church*, 36 A D 2d 755; *Miller* v. *Morse*, 9 A D 2d 188). In 1963 the defendant Robinson's estate orally leased the ground floor of a three-story building in the City of Elmira to the plaintiff on a month-to-month basis for the retail sale of certain literature and office equipment. In the latter part of June of 1966 the defendant Rumsey, pursuant to some agreement with Robinson, undertook the removal of the unoccupied upper floors of this building. However, work was arrested on July 8, 1966 when the City of Elmira ordered Rumsey to cease his operations for reasons not made entirely clear in this record. In any event, the alteration had by then progressed to such an extent that the building was uncovered and plaintiff's ceiling had effectively become his temporary roof. On July 27, 1966 a rainstorm occurred and water seeping through the remaining walls and ceiling caused the injury to plaintiff's property of which he now complains on a theory of negligence. Plaintiff testified that he had previously been assured by both defendants that steps would be taken to protect his goods during this alteration; that each had been

notified that prior similar water leakage had occurred damaging his property during and on account of the project; and, finally, that Rumsey had made some effort to apply a weather covering to the exposed upper flooring and had supplied him with plastic sheets while on the job to protect his merchandise within the store. The trial court's reasons for dismissing the complaint were not clearly stated. Regardless of whether the landlord was obliged to effect repairs or had ever warranted the suitability of the leased area for the purpose to which it was devoted, we are of the view that, when altering that portion of the building over which he had undisputed control, the defendant Robinson was under a nondelegable duty to avoid injuring the leasehold interest of his tenant (*Paltey* v. *Egan*, 200 N. Y. 83; *Pratt, Hurst & Co.* v. *Tailer*, 186 N. Y. 417; *Hicks* v. *Smith*, VER App. Div. 299); (see *Snow* v. *Pulitzer*, 142 N. Y. 263; *Benedict* v. *International Banking Corp.*, 88 App. Div. 488; 34 N. Y. Jur., Landlord and Tenant, §§ 443, 448). Furthermore, we are likewise persuaded that even if Rumsey was not contractually required to install a new roof upon removal of the upper stories and had performed such work as he was permitted to accomplish in a wholly satisfactory manner, under the circumstances here presented he also owed plaintiff a duty to act with care which independently arose from his voluntary statements and affirmative actions in undertaking to provide plaintiff with some protection from the elements before he quit the job site (*Marks* v. *Nambil Realty Co.*, 245 N. Y. 256; *Glanzer* v. *Shepard*, 233 N. Y. 236). Whether either or both defendants breached their respective duties and whether plaintiff was himself free from contributory negligence, particularly after the work ceased, are close and sharply disputed questions upon which we express no opinion. However, enough has been spelled out to create factual issues which cannot presently be decided as matters of law and which should properly be determined by a jury. Upon retrial, the contents of the contract between the landlord and the contractor — not part of the record — may well determine the respective liability. Accordingly, the judgment must be reversed and the complaint reinstated. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.