629 P.2d 784

**Charlotte STRONG, Plaintiff-Appellee,**

v.

**Roy B. SHAW and Reco Corporation
d/b/a Shaw Mobile Home Park,
Defendants-Appellants.**

**No. 4606.**

Court of Appeals of New Mexico.

Nov. 26, 1980.

Martin E. Threet, Rolf A. Melkus, Threet & King, Albuquerque, for defendants-appellants.

Harry N. Relkin, Coan, Harris, Relkin & Lee, P. C., Albuquerque, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

This is a res ipsa loquitur case in which defendant, Reco Corporation appeals an adverse judgment rendered by the district court in favor of plaintiff growing out of a fire that took place in a rented mobile home owned by Reco. We affirm.

The trial court found that on January 22, 1978, the date the fire took place in the rented space of plaintiff, she was a tenant of Shaw Mobile Home Park, owned and managed by Reco. The fire began in the hot water closet and was the proximate cause of plaintiff's loss. In order to have a fire of this type and nature, there must be combustibles and a source of ignition. The fire was not caused by an act of God. The gas water heater was not defective and there was no gas surge in the lines to the gas water heater. Neither was the apartment nor water heater closet defectively constructed. The hot water heater closet was under the exclusive control of Reco at all times until after the fire and in the ordinary course of events the fire would not have occurred had Reco exercised reasonable care over the hot water heater closet.

The court concluded that the doctrine of res ipsa loquitur was applicable. Defendant claims that this doctrine was inapplicable.

### A. Facts.

The facts show that plaintiff spent one night in the apartment after she rented it and went to Willard to help her parents. She was then told the apartment had burned. Plaintiff had no knowledge of the location of the water closet, had never been in it, but learned after the fire that there was no access to the water closet from the apartment. It was located outside of the apartment.

Expert opinion established that the origin of the fire was the water heater closet; that there is such a term as "fire cause" which presupposes an ignition and combustibles. When these two come together, it is a "fire cause"; that absent combustibles, under normal conditions, no fire could occur. One expert testified that any combustible material in the closet would have been consumed in the fire; that none could be found. Another expert testified that the combustibles were the structural framing of

the trailer which indicated a malfunction of the hot water heater. This opinion was not accepted by the trial court. It found that the heater was not defective. But even if this evidence be classified as attempting to prove specific acts of negligence, plaintiff is not penalized by loss of the res ipsa loquitur doctrine. *Tuso v. Markey*, 61 N.M. 77, 294 P.2d 1102 (1956).

Access to the hot water heater could be obtained with a screw driver or a quarter. It was just a turn latch. Anybody could have access to it that wanted to walk around the apartment. An employee of Reco had worked there 10 years and it was his duty to clean the hot water heater area. He inspected the hot water heaters every three months. It could have been inspected one or two months before the fire occurred but he did not remember when the fire occurred.

The accepted definition of "res ipsa loquitur" is U.J.I. 12.14. As applied to the facts of this case, it reads:

> The plaintiff relies upon the doctrine of "res ipsa loquitur" which is a Latin phrase and means "the thing speaks for itself".
>
> In order for the ... [fact finder] to find the defendant negligent under this doctrine, the plaintiff has the burden of proving each of the following propositions:
>
> 1. That the damage to plaintiff was proximately caused by the flame in the gas water heater and combustibles located in the hot water closet which were under the exclusive control and management of defendant.
>
> 2. That the event causing the damage to the plaintiff was of a kind which ordinarily, does not occur in the absence of negligence, on the part of the person in control of the instrumentality.
>
> If each of these propositions had been proved, then the law permits ... [the fact finder] to infer that the defendant was negligent and that the damage proximately resulted from such negligence.
>
> If, on the other hand, one of the propositions have [sic] not been proved, or, if

notwithstanding the proof of these propositions, that the defendant used ordinary care for the safety of others, in his control and management of the hot water closet, then plaintiff cannot recover under the doctrine of res ipsa loquitur.

We begin this discussion with the rule that if a landlord retains possession or control of a portion of the leased premises, he is charged with the duty of exercising ordinary care in maintaining the retained portion. *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299 (Tex.1963); *Braunstein v. Robinson*, 47 A.D.2d 700, 364 N.Y.S.2d 605 (1975); *Glaude v. Nash*, 46 A.2d 542 (D.C. 1946); *Golden v. Conway*, 55 Cal.App.3d 948, 128 Cal.Rptr. 69 (1976). See, Annot. *Landlord's Liability For Damage To Tenant's Property Caused By Water*, 35 A.L. R.3d 143 (1971).

In *Brown, supra,* the landlord failed to repair electrical defects in wiring in a drive-in theatre tower which resulted in fire damage to the tenant. In *Golden, supra,* the landlord caused a defective wall heater to be installed that resulted in fire damage to tenant's personal property.

Res ipsa loquitur applies after the duty is established. It helps to establish negligence—nothing else. Res ipsa loquitur is a rule of evidence, not of substantive tort law. Its sole function is to supply inferences from which some negligent conduct can be found, without finding what that negligence was. The tenant does not have to prove a specific act of negligence—only an inference that the landlord was in some way negligent. Only in this narrow point does the incident "speak for itself" and then only in appropriate cases.

A plaintiff simply proves what occurred. The fact finder makes a determination, based upon experience, whether the occurrence is one of a res ipsa type. The weight of the inference is for the fact finder. Loth, *Res Ipsa Loquitur In Iowa*, 18 Drake L.Rev. 1 (1968). See, Griffith & Griffith, *The Doctrine of Res Ipsa Loquitur in Negligence Actions—Old Solutions for New Problems*, 48 Miss.L.J. 259 (1977);

284

Kaye, *Probability Theory Meets Res Ipsa Loquitur*, 77 Mich.L.Rev. 1456 (1979); Schiff, *A Res Ipsa Loquitur Nutshell*, 26 U. of Toronto L.J. 451 (1976).

Defendant contends that the doctrine of res ipsa loquitur is not applicable to this fire case. The only New Mexico case that approaches the problem is *Gray v. E. J. Longyear Company*, 78 N.M. 161, 429 P.2d 359 (1967). The factual situation differs from that in the instant case. Plaintiff leased a garage a few feet away from defendant's building. Defendant's building, plaintiff's garage and their contents were destroyed by a fire that started in defendant's building. Plaintiff's testimony was the only evidence adduced at trial. It established that the only means of heating defendant's building was an open metallic container into which diesel fuel was poured and ignited, and that gasoline, other inflammable liquids and various combustible materials were also kept in defendant's building. Plaintiff observed these contents and the method by which it was heated three days before the fire and protested regarding the fire hazard. The court said:

> ... The fact that a hazardous condition may have existed three days before the fire will not support an inference that the condition not only continued, *but, in fact, started the fire.* [citation omitted.] An inference which will support a judgment cannot be mere supposition or conjecture but must be a logical deduction from facts proved. [citation omitted.] Plaintiff, however, seeks to supply the necessary proof by invoking the doctrine of res ipsa loquitur. That doctrine is applicable only when the evidence establishes that in the ordinary course of events the injury would not have occurred had the one having exclusive control of the instrumentality causing the injury exercised due care. [citation omitted.]

We find nothing in the circumstances surrounding the destruction of the property located in plaintiff's garage which would permit application of the doctrine of res ipsa loquitur. Negligence may not be inferred from the mere happening of an injury. Accordingly, the mere occurrence of a fire raises no inference of negligence. [Emphasis added.] [Id. 163, 429 P.2d 359.]

In *Gray*, no evidence appeared of the origin of the fire. Plaintiff's case went no further than to show that a fire hazard exited. The evidence failed to create a jury issue as to what kindled the fire and caused the damage. He had not shown the way the damage occurred. The doctrine of res ipsa loquitur did not avail him until he had made such a showing. Courts recognize that fires are frequent occurrences and in a great many cases without any negligence on the part of anyone. While plaintiff showed a condition which could possibly have caused a fire, it was only conjecture that it did so. The evidence to establish the manner in which the damage occurred need not be conclusive, it may be circumstantial; but it must arise above mere speculation. The foundation facts for the application of the res ipsa loquitur doctrine were missing. *Tedrow v. Des Moines Housing Corporation*, 249 Iowa 766, 87 N.W.2d 463 (1958), 86 A.L.R.2d 830.

■ The doctrine of res ipsa loquitur is inapplicable where the origin of the fire is unknown and it could not be determined that the fire could not or would have occurred except for negligence and where the physical facts surrounding the fire did not create a reasonable probability that the fire resulted from negligence.

■ Where, however, the origin of the fire is known, and the agency or instrumentality is under the exclusive control and management of the owner, res ipsa loquitur is applicable. It is sufficient to take the case out of the general rule that mere occurrence of a fire raises no inferences of negligence. *Wilson v. Paul*, 176 N.W.2d 807 (Iowa 1970); *Granata v. Schaefer's Bake Shop, Inc.*, 4 Conn.Cir. 382, 232 A.2d 513 (1967); *Collgood, Inc. v. Sands Drug Company*, 5 Ill.App.3d 910, 284 N.E.2d 406 (1972); *Fireman's Fund Ins. Co. v. United States F. & G. Co.*, 276 So.2d 754 (La.App. 1973); *Seeley v. Combs*, 65 Cal.2d 127, 52 Cal.Rptr. 578, 416 P.2d 810 (1966); *Jones v.*

*Garney Plumbing Company,* 409 S.W.2d 637 (Mo.1966); *John Rooff & Sons, Inc. v. Winterbottom,* 249 Iowa 122, 86 N.W.2d 131 (1957); *Waterway Terminal Company v. P.S. Lord Mechanical Contr.,* 256 Or. 361, 474 P.2d 309 (1970).

In the instant case, the hot water heater was kindled by defendant. It was burning at the time the fire started. Defendant was in exclusive control and management of the hot water heater closet at the time of the damage-causing event. This is the crux of the res ipsa loquitur doctrine. *Waterman v. Ciesielski,* 87 N.M. 25, 528 P.2d 884 (1974). Plaintiff established that there was a "fire cause" which presupposes ignition and combustibles. To experience a fire of this kind, combustible materials subject to flame of the water heater had to be present to begin the fire. Otherwise, no fire could have begun. This is a logical deduction from facts proved. The fire causing the damage to plaintiff, therefore, was of a kind which ordinarily does not occur in the absence of negligence on the part of the person in exclusive control and management of the hot water heater and closet. Since such control and management places defendant in a superior position to know or ascertain the cause of plaintiff's damage, the defendant is saddled with the "burden of explanation." " '[T]he fact of the occurrence of an injury and the surrounding circumstances may permit an inference of culpability on the part of the defendant, make out plaintiff's prima facie case, and present a question of fact for the defendant to meet with an explanation.' " *Hepp v. Quickel Auto & Supply Co.,* 37 N.M. 525, 528, 25 P.2d 197 (1933).

No other reasonable or logical deduction can be made and none have been suggested as the cause of the fire except, perhaps, an Act of God. "An Act of God is an unusual, extraordinary sudden and unexpected manifestation of the forces of nature for which man is not responsible." U.J.I. 13.11. We cannot stretch reason and logic to reach an Act of God as the cause of a fire in a hot water heater closet. No evidence bearing on this defense was presented.

Defendant attempted an explanation. It is the province of the trier of the fact to consider the explanation factually and from the standpoint of credibility of the witnesses. If the explanation rebuts the inference of negligence, the trier of the fact may declare the doctrine of res ipsa loquitur inapplicable. *Glens Falls Ins. Co. v. Denver Building Supply Co.,* 501 P.2d 748 (Colo.App.1972); *Branco Eastern Company v. Leffler,* 173 Colo. 428, 482 P.2d 364 (1971). The defendant may overcome the inference of negligence by showing that prior to the damage, it had thoroughly inspected the water closet or that it was not negligent with respect to plaintiff's specific damage.

In the instant case the testimony presented, as to inspection by defendant's employee, was so vague and uncertain that the trial court was free to give it little or no value. A reasonable inference can be drawn that the combustible material was present for failure of defendant to exercise ordinary care to keep the water heater closet clean. Certainly, the fire was one which ordinarily does not occur in the absence of someone's negligence, absent some evidence that it was incendiary in origin.

*Horner v. Barber,* 229 Cal.App.2d 829, 40 Cal.Rptr. 570 (1964), 8 A.L.R.3d 966 (1966) presents a case of a gas heater located in defendant's office which adjoined the garage in which a number of vehicles were stored. A fire started in the portion occupied by defendants causing a loss to plaintiffs. It was plaintiff's theory that the fire, which started at 2:30 a. m., resulted from the ignition of some kind of fuel by some "source of ignition." The exact cause of the fire was unknown. Expert testimony showed that the most probable fuel was gasoline vapor; that it was probable that a slight draft created by either the pilot light of the heater or its burners, or both, drew the vapors from under the automobiles along the floor of the garage under the door in the partition to the heater in the office. This factual situation met the demands of res ipsa loquitur. In affirming a

286

judgment for plaintiff, the court quoted the following from a previous Supreme Court opinion.

> "Res ipsa may apply where the cause of the injury is a mystery, if there is reasonable and logical inference that defendant was negligent, and that such negligence caused the injury. (Prosser on Torts, supra, at p. 204.)

> "As applied to this case, the test is whether a reasonable man could reach the conclusion from the evidence offered that it was more likely than not that the injury involved was the result of negligence on the part of defendant." [Id. 973.]

 Res ipsa loquitur does not demand proof of the precise cause of the fire. If it did, proof of specific acts of negligence would result. Res ipsa loquitur searches primarily for such facts which lead to a reasonable and logical inference that defendant was negligent, and that such negligence caused the damage. A review of the subject matter is set forth in Annot. *Res Ipsa Loquitur In Actions Against Owner Or Occupant Of Premises For Personal Injury, Death, Or Property Damage Caused By Fire,* 8 A.L.R.3d 974 (1966).

 The defendant relies on *Blair v. Saguaro Lake Development Company,* 17 Ariz.App. 72, 495 P.2d 512 (1972); *Hansen v. Phagan,* 146 Colo. 484, 361 P.2d 977 (1961); and *Northwestern Nat. Ins. v. Raid Quarries Corp.,* 249 N.W.2d 640 (Iowa 1977). Each of these cases fall within the perimeter of *Gray, supra.* The instrumentality that caused the fire must be established before any causal connection can be made regarding any alleged negligent act of defendant, and the burden of proof was on plaintiff. These cases do not assist defendant in the instant case.

Affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

WOOD, C. J., dissents.

WOOD, Chief Judge (dissenting).

I dissent.

The trial court found that the fire was not caused by an Act of God and (a) no evidence of a gas surge in the lines to the water heater, (b) no evidence that the water heater was defective, and (c) no evidence of defective construction in the water heater closet. In addition to these unchallenged findings, there is no evidence as to what caused the fire.

The trial court found that the fire began in the water heater closet, that this closet was under defendant's exclusive control, and that in the ordinary course of events the fire would not have happened had defendant exercised reasonable care over the closet. This was the basis for applying res ipsa loquitur; this was an insufficient basis for applying the doctrine.

To have a fire of any kind there must be a source of ignition and combustibles; to say that, because there had to be a "fire cause", the fire was of a kind that ordinarily did not occur in the absence of negligence, adds nothing in resolving the question of whether the doctrine of res ipsa loquitur was applicable.

The injury, in this case, was the fire. *Clark v. Cassetty,* 71 N.M. 89, 376 P.2d 37 (1962). The fire itself raises no inference of negligence. *Gray v. E. J. Longyear Company,* 78 N.M. 161, 429 P.2d 359 (1967). There must be some evidence as to the cause of the fire. *Waterman v. Ciesielski,* 87 N.M. 25, 528 P.2d 884 (1974); see *Renfro v. J. D. Coggins Company,* 71 N.M. 310, 378 P.2d 130 (1963). There being no evidence as to the cause of the fire, there was no factual basis for applying res ipsa loquitur.

Accordingly, I would reverse that part of the judgment which awards damages against Reco Corporation and direct that judgment be entered in favor of Reco Corporation.