■ ELIZABETH COLICCHIO, Individually and as Administratrix of the Estate of ORLANDO COLICCHIO, Deceased, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [668 NYS2d 385] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered June 6, 1996, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated. Appeal from order, same court and Justice, entered on or about February 3, 1997, which, *inter alia*, denied plaintiff's motion for renewal, unanimously dismissed as academic, without costs.

Plaintiff's decedent was killed on December 16, 1994, while inside a dumbwaiter shaft, when the dumbwaiter fell on him. Decedent's employer leased the premises from defendant Port Authority pursuant to a 20-year lease commencing May 1, 1985 and expiring April 31, (*sic*) 2005. The complaint verified September 22, 1995 alleges that defendant "operated, managed, maintained and controlled the dumb-waiter elevator, cab, motor and shaft at the aforesaid premises." Issue was joined on November 28, 1995, on which date plaintiff served a notice for discovery and inspection seeking, *inter alia*, "[c]opies of all inspection, repair and maintenance records and logs regarding the subject dumbwaiter elevator for a period of 3 years prior to the date of the incident [and] [c]opies of all bills, work orders and purchase orders regarding work performed on subject dumbwaiter elevator for a period of 3 years prior to the date of the incident." That information was never forthcoming, and neither was a denial that such records existed.

On February 12, 1996, defendant moved for summary judgment on the ground that the lease placed responsibility for the operation of all utility and mechanical systems and for all "nonstructural repairs" on the lessee. Supreme Court granted the motion, observing that plaintiff had "failed to allege or demonstrate a [course] of conduct demonstrating that Port Authority assumed a responsibility to make repairs" and concluding that discovery was unnecessary because the lease imposed no such obligation on defendant.

A landlord will be deemed to have retained control over premises if the plaintiff can establish "a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises" (*Cherubini v Testa*, 130 AD2d 380, 382; *see also, Brown v City of New York*,

40 AD2d 785; *Braunstein v Robinson*, 47 AD2d 700; *Marks v Nambil Realty Co.*, 245 NY 256, 258 [a landlord that undertakes repairs without contractual obligation is liable for any negligence]). Moreover, "[s]hould it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had" (CPLR 3212 [f]). As this Court held in *Simpson v Term Indus.* (126 AD2d 484, 486), where, as here, a motion for summary judgment is made shortly after a request for pertinent documents has gone unanswered, summary judgment should be denied (*see also, Seidman v Booth Mem. Med. Ctr.*, 167 AD2d 530).

The requested documentation, which apparently includes the report of an investigation conducted by the Occupational Safety and Health Administration, might have revealed that defendant, by its prior conduct, had assumed a responsibility to make repairs or had negligently made a repair. Since it appeared that such facts might exist but could not be stated because defendant failed to respond to a reasonable and pertinent discovery request, summary judgment should have been denied with leave to renew after either the requested documents were turned over or defendant stated under oath that no such documents existed. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.