■ DIANE LIGGINS et al., Respondents, v DALY II ASSOCIATES et al., Appellants, et al., Defendant. [718 NYS2d 46] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about July 9, 1999, which denied the motion of defendants Daly II Associates and CHP Management Corporation for summary judgment, unanimously modified, on the law and the

facts, to the extent of directing that defendants forthwith disclose the name and last known address of the building porter on duty at the time of plaintiff's accident and granting plaintiffs leave to depose such porter within 90 days of defendants' disclosure, and to the further extent of granting defendants leave to renew their motion for summary judgment, either subsequent to the porter's deposition or 90 days after their disclosure of the aforesaid information, and otherwise affirmed, without costs.

Defendants' motion for summary judgment was premature in light of the circumstance that the name and address of the porter who was on duty at the time of plaintiff Diane Liggins' accident, and who may have been responsible for cleaning and mopping the basement floor where plaintiff allegedly slipped and fell upon an accumulation of water, had not yet been disclosed (*see, Colicchio v Port Auth.*, 246 AD2d 464, 465). Accordingly, we modify to direct the disclosure of said porter's identity and last known address and to permit plaintiffs to depose him or her and, subsequent to such deposition or opportunity therefor, to permit defendants-appellants to renew their motion for summary judgment. Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.