This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37512

HEWOT MESFIN,

       Plaintiff-Appellant,

v.

SOUTHWEST AIRLINES
CORPORATION,

       Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Law Offices of Roger Moore
Roger Moore
Albuquerque, NM

for Appellant

Stiff, Keith & Garcia, LLC
John S. Stiff
Edward F. Snow
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**    Plaintiff Hewot Mesfin was injured while working for ABM, an independent contractor of Defendant Southwest Airlines Corporation (SWA), when a portable stairway used to access aircraft for cleaning collapsed. Mesfin sued, and the case proceeded to trial on three theories: (1) negligence, (2) negligence per se, and (3) res ipsa loquitur. At trial, SWA presented evidence that Mesfin and her coworkers had damaged the stairway and that this damage ultimately led to the stairway's collapse.

Mesfin presented evidence that SWA failed to inspect and maintain the stairway on a weekly basis, as, according to Mesfin, the manufacturer recommended. The district court directed verdicts on Mesfin's negligence per se and res ipsa loquitur claims, and the jury returned a verdict in favor of SWA on Mesfin's negligence claim. Mesfin asserts on appeal that the district court erred in granting the directed verdicts. We affirm.

**DISCUSSION**

**{2}** Before we address the merits of Mesfin's arguments, we pause to note the myriad deficiencies in Mesfin's briefing. As an initial matter, the brief in chief utterly fails to set out comprehensible arguments and to cite supportive legal authority. *See* Rule 12-318(A)(4) NMRA (requiring that the brief in chief include "an argument which, with respect to each issue presented, . . . contain[s] a statement of the applicable standard of review, the contentions of the appellant, and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on"); *Guest v. Berardinelli*, 2008-NMCA-144, ¶ 38, 145 N.M. 186, 195 P.3d 353 ("To present an issue on appeal for review, appellants must submit argument and authority."). Additionally, the brief in chief fails to include the substance of all the evidence bearing upon the propositions asserted, instead largely setting out only the evidence that tends to support Mesfin's position. *See* Rule 12-318(A)(3) (requiring that the brief in chief contain "a summary of proceedings, briefly describing the nature of the case, the course of proceedings, and the disposition in the court below, and including a summary of the facts relevant to the issues presented for review"); *cf. State ex rel. Foy v. Vanderbilt Cap. Advisors, LLC*, 2022-NMCA-026, ¶ 28, 511 P.3d 329 ("To the extent the [brief in chief] cites material from the record, it discusses only those aspects which tend to support its position. This is not in keeping with the letter or spirit of the Rules of Appellate Procedure.").

**{3}** Because of these deficiencies, it is extremely difficult to discern the particular arguments that Mesfin attempts to present on appeal. *See Lukens v. Franco*, 2019-NMSC-002, ¶ 7, 433 P.3d 288 ("Courts are not required to try and make sense of work product so flawed that its meaning cannot be discerned."). Importantly, "it is *the appellant's* burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 (emphasis added); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to affirmatively demonstrate that the trial court erred). Indeed, this Court presumes correctness in the trial court's rulings, and we will affirm when that presumption is not overcome. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings of the district court, and the party claiming error bears the burden of showing such error). In light of Mesfin's arguments, such as they are, and for the reasons that follow, Mesfin has failed to overcome this presumption and we accordingly affirm.

**I.      Negligence Per Se**

**{4}**     Mesfin first argues that the district court erred in directing a verdict on her negligence per se claim. A district court may direct a verdict only "when the facts and inferences are so strongly and overwhelmingly in favor of the moving party that the judge believes that reasonable people could not arrive at a contrary result and when there are no true issues of fact to be presented to a jury." *Wirth v. Sun Healthcare Grp., Inc.*, 2017-NMCA-007, ¶ 18, 389 P.3d 295 (alterations, omission, internal quotation marks, and citation omitted). Normally, we review a district court's decision to direct a verdict de novo. *Richter v. Presbyterian Healthcare Servs.*, 2014-NMCA-056, ¶ 56, 326 P.3d 50. As we explain below, however, we decline even to consider Mesfin's contention that the district court erred in directing a verdict on her negligence per se claim because she fails to develop her argument.

**{5}**     At trial, Mesfin apparently based her negligence per se claim on provisions of the federal Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. §§ 651-678 (2018), and the New Mexico Occupational Health and Safety Act (NMOHSA), NMSA 1978, §§ 50-9-1 to -25 (1972, as amended through 2017), both of which require employers to provide their employees a safe work environment. *See* 29 U.S.C. § 654(a)(1) ("Each employer . . . shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees[.]"); § 50-9-5(A) ("Every employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees."). In support of her contention that the district court erred in directing a verdict on her negligence per se claim, Mesfin merely references these general statutory provisions and then sets out testimony pertaining to the relationship between herself, ABM, and SWA. Without citing any authority or providing any analysis, Mesfin then baldly asserts that, "[d]ue to the above, it is proper for this Court to reverse the district court order" granting a directed verdict on her negligence per se claim.[1]

---

1It appears the district court directed a verdict on Mesfin's negligence per se claim based, at least in part, on its determination that the facts and inferences could not lead a reasonable juror to find that Mesfin was an employee of SWA for purposes of OSHA or NMOHSA. In support of her contention that the district court erred in so holding, Mesfin cites one case, *New Mexico Petroleum Marketers Ass'n v. New Mexico Environmental Improvement Board* (*NMPM*), 2007-NMCA-060, 141 N.M. 678, 160 P.3d 587, for the proposition that "an employee" is defined broadly for purposes of NMOHSA. While *NMPM* does contain this statement, *see id.* ¶ 6, it simply does not address the apparent issue in this case—i.e., under what circumstances an independent contractor is considered an employee. *See id.* ¶¶ 1, 8 (addressing the issue of whether the board had authority under NMOHSA to adopt certain regulations). Consequently, *NMPM* is of no assistance to Mesfin. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("The general rule is that cases are not authority for propositions not considered." (internal quotation marks and citation omitted)).

In further support of her contention that the district court erred in concluding that Mesfin was not an employee of SWA, Mesfin asks us to consider "[t]he detailed legal basis of [her] [n]egligence [p]er [s]e claim" purportedly set forth in a motion filed in the district court. We do not review this motion because such incorporation by reference fails to comply with Rule 12-318(A)(4). *See United Nuclear Corp. v. State ex rel. Martinez*, 1994-NMCA-031, ¶ 5, 117 N.M. 232, 870 P.2d 1390 (refusing to examine arguments made in pleadings filed in the district court because incorporation of other pleadings by reference "is an unacceptable briefing practice").

**{6}** We decline to review Mesfin's argument because it is unsupported and woefully undeveloped. *See, e.g.*, *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal."); *Truong v. Allstate Ins. Co.*, 2008-NMCA-051, ¶ 7, 143 N.M. 831, 182 P.3d 814 (characterizing the appellant's briefing on postjudgment motions as insufficient under the Rules of Appellate Procedure because, "[a]lthough [the appellants] discuss certain evidence . . . , they do not explain why the district court erred[; instead they] simply assert . . . that the trial court abused its discretion in denying the motion, [and then cite] a case with no explanatory parenthetical"), *rev'd on other grounds*, 2010-NMSC-009, 147 N.M. 583, 227 P.3d 73. To rule on the merits, we would have to speculate about why the evidence presented a jury question, because Mesfin's brief in chief contains no such argument. It is not our role to develop Mesfin's arguments for her; nor will we guess at what her arguments are. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them."). And while SWA admirably attempts to address why the evidence was insufficient to create a jury question on Mesfin's negligence per se claim, Mesfin does not respond in reply with any cogent arguments or persuasive authority to the contrary. But even if she did, a reply brief is not the place for an appellant to explain for the first time how the district court erred. *See Doe v. City of Albuquerque*, 1981-NMCA-049, ¶ 8, 96 N.M. 433, 631 P.2d 728 (declining to review arguments made by the appellant in its reply brief, even though the appellees' answer briefs somewhat cured the factual and legal deficiencies in the appellant's brief in chief).

**{7}** Because we have "no duty to review an argument that is not adequately developed[,]" *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701, we decline to consider Mesfin's contention that the district court erred in directing a verdict on her negligence per se claim.[2] *See, e.g.*, *Doe v. City of Albuquerque*, 1981-NMCA-049, ¶ 8 ("Points of error not properly briefed or argued will not be considered; rather, we will indulge all presumptions in favor of the correctness of the procedures in the trial court[.]" (citation omitted)).

## II. Res Ipsa Loquitur

---

[2]Even if we were inclined to overlook Mesfin's manifestly deficient briefing on this issue, it appears her argument would nevertheless fail as a matter of law. Nearly thirty-five years ago, our Supreme Court concluded that OSHA and NMOHSA cannot provide the basis for a negligence per se claim, reasoning that to conclude otherwise would thwart legislative intent. *See Valdez v. Cillessen & Son, Inc.*, 1987-NMSC-015, ¶¶ 2, 7, 10-13, 105 N.M. 575, 734 P.2d 1258 (affirming the grant of summary judgment on a negligence per se claim predicated on alleged violations of OSHA and NMOHSA). In light of *Valdez*, the district court's directed verdict on Mesfin's negligence per se claim could not have been error. *See Melnick v. State Farm Mut. Auto. Ins. Co.*, 1988-NMSC-012, ¶ 13, 106 N.M. 726, 749 P.2d 1105 (affirming the grant of a directed verdict because the cause of action was not recognized); *State v. Wilson*, 1998-NMCA-084, ¶ 17, 125 N.M. 390, 962 P.2d 636 ("Appellate courts usually apply the right for any reason basis of affirmance to strictly legal questions.").

**{8}** Mesfin next argues that the district court erred in directing a verdict on her res ipsa loquitur claim. As an initial matter, the doctrine of res ipsa loquitur in New Mexico is simply a rule of evidence; it is not a tort claim in its own right. *See Strong v. Shaw*, 1980-NMCA-171, ¶ 10, 96 N.M. 281, 629 P.2d 784 ("[Res ipsa loquitur] helps to establish negligence[,] nothing else. Res ipsa loquitur is a rule of evidence, not of substantive tort law. Its sole function is to supply inferences from which some negligent conduct can be found, without finding what that negligence was."); *accord* Dan B. Dobbs et al., *The Law of Torts* § 169 (2d ed. 2020) ("Res ipsa loquitur is not a cause of action[.]"). Although we might affirm the district court's grant of a directed verdict on this basis alone, *see Melnick*, 1988-NMSC-012, ¶ 13; *Wilson*, 1998-NMCA-084, ¶ 17, we nevertheless address the merits of Mesfin's argument because the crux of her argument both below and on appeal is that the district court should have given the res ipsa loquitur jury instruction, UJI 13-1623 NMRA.

**{9}** "The propriety of denying a jury instruction is a mixed question of law and fact that we review de novo." *Akins v. United Steelworkers of Am., AFL-CIO, CLC, Local 187*, 2009-NMCA-051, ¶ 42, 146 N.M. 237, 208 P.3d 457 (internal quotation marks and citation omitted), *aff'd*, 2010-NMSC-031, 148 N.M. 442, 237 P.3d 744. "If a legal theory is supported by the evidence, a party is entitled to have the jury instructed on that theory." *Id.*

**{10}** Mere proof of the occurrence of an accident, however, is insufficient to warrant the use of the res ipsa loquitur jury instruction. *See* UJI 13-1623 comm. cmt. ("The occurrence of an accident or event is not enough in itself."); *see also Tapia v. McKenzie*, 1973-NMCA-126, ¶ 5, 85 N.M. 567, 514 P.2d 618 ("Mere proof of the occurrence of an accident is not sufficient to invoke the res ipsa loquitur doctrine."). Instead, for Mesfin to have been entitled to this instruction, the evidence must have been sufficient to support two inferences: (1) "that the injury or damage to [Mesfin] was proximately caused by [the portable stairway] which was [SWA's] responsibility to manage and control"; and (2) "that the event causing injury or damage to [Mesfin] was of a kind which does not ordinarily occur in the absence of negligence on the part of [SWA.]" UJI 13-1623; *accord Trujeque v. Serv. Merch. Co.*, 1994-NMSC-036, ¶ 6, 117 N.M. 388, 872 P.2d 361 ("The doctrine of res ipsa loquitur applies only when evidence establishes that in the ordinary course of events an injury would not occur except through negligence of the person in exclusive control and management of the injuring instrumentality.").

**{11}** Although the parties dispute both prongs, we address only the second because it is dispositive. *See Hisey v. Cashway Supermarkets, Inc.*, 1967-NMSC-081, ¶ 5, 77 N.M. 638, 426 P.2d 784 ("The absence of . . . [a] reasonable inference to be drawn from evidence that this accident is the kind which ordinarily does not occur in the absence of the negligence of someone alone defeats the application of the doctrine of res ipsa loquitur."). In her briefing, Mesfin never explicitly argues that any of the evidence adduced at trial supports the inference that the collapse of the portable stairway is the type of event that ordinarily would not occur absent SWA's negligence. To the extent she makes any such argument, it is limited to the following:

> Notably, as to the uniqueness of the event, [a defense witness] testified, that he had conducted an informal national search of similar stairs ow[n]ed by [SWA], and that similar stairs are in service. The foregoing testimony is evidence of the uniqueness of the portable stairs failure, in light of SWA['s] failure to conduct recommended weekly maintenance, relating to the operation of the subject, is consistent with the doctrine of res ipsa.

That the collapse of the portable stairway may have been a "unique" event, however, says nothing about whether the event ordinarily would not have occurred absent negligence on the part of SWA. *See id.* ¶ 3 ("The proof was limited to the occurrence of the accident and the resultant injuries. No other evidence was adduced respecting the door, its condition, or the cause of its malfunction. . . . But, more than the happening of an accident is necessary to invoke the res ipsa loquitur doctrine."). Moreover, we are not persuaded by Mesfin's apparent attempt to link the uniqueness of the event to SWA's purported failure to conduct the manufacturer's recommended weekly maintenance. Even if Mesfin's recounting of the witness's testimony is accurate, she improperly assumes that SWA conducted such maintenance on every other portable stairway that did not collapse. Mesfin does not direct us to any evidence suggesting this was the case, and we decline to review the record in search of such evidence. *See, e.g.*, *Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 45, 146 N.M. 698, 213 P.3d 1127 ("[W]e will not comb the record to find evidence to support a party's position on appeal."); *Murken v. Solv-Ex Corp.*, 2005-NMCA-137, ¶ 14, 138 N.M. 653, 124 P.3d 1192 ("[W]e decline to review . . . arguments to the extent that we would have to comb the record to do so.").

**{12}** Mesfin having made no other argument as to how the evidence supported an inference that the collapse of the portable stairway was the kind of event that ordinarily would not occur in the absence of negligence on the part of SWA, we conclude that the district court did not err in declining to instruct the jury pursuant to UJI 13-1623.

**CONCLUSION**

**{13}** For the foregoing reasons, we affirm.

**{14}** **IT SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**