William GERACE et al., Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE CO., Defendant.

Civ. A. No. 493–66.

United States District Court
District of Columbia.

Dec. 1, 1966.

Joseph H. Koonz, Jr., Washington, D. C., for plaintiffs.

John P. Arness, Washington, D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action by an employee on a construction project who was injured in the course of his employment. This suit is brought as a third party action on the ground that the accident was caused in whole or in part by the defendant's negligence. The defendant is an insurance company that carried liability insurance for the general contractor on the project. The employee involved in this case was employed by a subcontractor. The defendant moves for summary judgment.

The plaintiff's claim is predicated on a clause in the liability insurance policy which the defendant wrote in behalf of the general contractor, reading as follows:

"The company shall be permitted to inspect the insured premises, operations and elevators, and to examine and to audit the insured's books and records at any time during the policy period and any extension thereof and within three years after the final termination of this policy as far as they relate to the premium basis or the subject matter of this insurance."

The question presented in this case is whether provisions such as this, which counsel informs the Court are common in liability insurance policies and in workmen's compensation insurance policies, creates a liability on the part of the insurance company for any injuries sustained as a result of negligence of the insured if the insurance carrier either fails to take advantage of the permission to inspect the insured premises or if the carrier does inspect the premises and fails to discover the defect or the condition that was the cause of the accident. This question does not appear to have been determined either by the Supreme Court of the United States or by the Court of Appeals for the District of Columbia Circuit.

It was presented in this Court in the case of Thompson v. National Press Corp., D.C., 264 F.Supp. 668. In the opinion this Court stated:

"This question involves the construction of a clause found in workmens compensation policies giving permission to the insurance carrier to inspect the place of work, machinery and equipment, et cetera, covered by the policy. It is claimed by the plaintiff

that this created an obligation to inspect, and to inspect carefully, and that for failure to make a sufficiently careful inspection a cause of action for damages arises in behalf of any workman who is injured as a result of improper condition of the place to work or of the machinery and equipment connected with it.

"The Court is of the opinion that this provision is permissive and is intended for the benefit of the insurance carrier. It does not impose an obligation on the insurance carrier to carry on inspection unless it chooses to do so for its own benefit."

It is conceded that in the *Thompson* case no inspection was undertaken by the insurance carrier. Counsel for the plaintiff in this case seeks to distinguish the *Thompson* case in that in the case at bar the insurance carrier conducted a series of inspections of the construction project. It is claimed in behalf of the plaintiff that having undertaken to make inspections, irrespective of whether it was obligated to do so, it was under a duty to make inspections with sufficient care to discover the defective condition that caused the accident involved in this case.

 There is a general principle of law that a person who volunteers to do something that he is under no obligation to do, must nevertheless use due care in carrying on the voluntary activity. This doctrine applies if the volunteered act is undertaken for the benefit of someone else. A Good Samaritan who carelessly injures the person he is trying to help may perhaps be liable for his negligence.

 In this case, however, the insurance carrier did not undertake to perform a voluntary act for the benefit of someone else. It did so for its own protection in order to reduce risks that might give rise to liability on the policy. Not only is there no basis in reason for the creation of a liability sought to be established here, there is a consideration of public policy to be weighed. Employees and the public generally are helped to some extent by inspections such as the

insurance carrier in this case and other similar cases try to make. If a liability for accidents was created in case the insurance company's inspectors fail to discover a defective condition, the result might well follow that insurance companies will refrain from inspection and refrain from even reserving the right to inspect because the risk of inspecting would be too great. The only persons who will suffer would be employees and possibly third parties, as well as the public generally.

 While as has been said, the Court of Appeals of the District of Columbia has not passed upon this question, it has been determined by the highest court of Maryland. We must bear in mind the fact that since the District of Columbia derives its common law from Maryland, decisions of the Maryland courts on points not determined by the Court of Appeals of the District of Columbia or by the Supreme Court of the United States are, if not completely controlling, nevertheless, of great weight, of greater weight than the decisions of other States.

In Zamecki v. Hartford Accident & Indemnity Co., 202 Md. 54, 95 A.2d 302, the Court of Appeals of Maryland discussed the matter at length and held that no such liability exists. It concluded its discussion on page 306 with the words, "We find no authority to sustain such an action."

 There are indeed authorities to the contrary in some of the other States, which the Court has carefully examined. In Mays v. Liberty Mutual Insurance Co., 323 F.2d 174, the Court of Appeals for the Third Circuit upheld such an action. Decisions of United States Courts of Appeals for other circuits, although not controlling, necessarily must receive great weight and may be persuasive. In that case, however, the action was based on diversity of citizenship and was determined on the basis of Pennsylvania law. Consequently, it is in fact a holding that under Pennsylvania law such an action may be maintained. Moreover, the persuasive character of the opinion in that case is weakened by the fact that the

question here involved was not discussed in the opinion. The opinion was devoted to the question whether an insurance carrier is a third party or not and reaches the conclusion that the insurance carrier is a third party. This Court would concur in that conclusion; but that discussion does not dispose of the question whether the insurance carrier as a third party is liable for failing to make inspections or for making inspections with insufficient thoroughness if it undertakes to do so.

The Supreme Court of Illinois in Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769, upheld such liability. A strong dissenting opinion was, however, written by Justice Schaefer, an outstanding jurist, with whom two other members of the Court concurred. Justice Schaefer in the course of his opinion makes the following comment:

"The result is that an insurer who makes supplemental inspections, designed to minimize potential losses by diminishing the likelihood of injury, is penalized by the imposition of full responsibility for all losses that might have been revealed by the most complete inspection, even though no one concerned relied upon the insurance company for complete inspection."

Mr. Justice Schaefer concludes:

"I am unable to see any sound reason for imposing liability."

Counsel for the plaintiff also relies on a decision of the Supreme Court of Iowa in Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 121 N.W.2d 361, 93 A.L.R.2d 591. The opinion in that case too was very largely devoted to the question whether the insurance carrier is a third party. There is a very cursory discussion of the question whether the insurance carrier, assuming it to be a third party, is liable for failure to make inspections or for failure to inspect thoroughly if it did undertake an inspection.

In view of these considerations the Court is of the opinion that no cause of action exists against an insurance company as a result of the permissive clause giving it authority to inspect the premises of the insured, irrespective of whether the insurance company does or does not take advantage of the provision.

Accordingly, the defendant's motion for summary judgment is granted.