■ RICHARD A. BRADSHAW, SR., Individually and as Father and Natu-

ral Guardian of RICHARD A. BRADSHAW, JR., Appellant, v MICHAEL A. PADUANO et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff Richard A. Bradshaw, Sr., individually and as father of Richard A. Bradshaw, Jr., appeals from a judgment dismissing his complaint at the close of the plaintiff's proof. He contends that the evidence produced by him presented triable issues of fact which should have been sent to the jury for resolution. We concur with the trial court's determination which it based "on the plaintiff's failure to establish any negligence or breach of legal duty owed him by the defendants". The complaint seeks damages for injuries suffered by Bradshaw Junior, 19 years of age, when he voluntarily dived from the roof of defendants' house into an above ground swimming pool containing three feet of water. The young man was upon defendants' property as a guest at a party celebrating the high school graduation of defendants' son. It is well settled that the legal standards for deciding a motion under CPLR 4401 require the trial court to take the view of the evidence most favorable to the nonmoving party *(Bartkowiak v St. Adalbert's R. C. Church Soc.,* 40 AD2d 306, 309; *Wessel v Krop,* 30 AD2d 764, 765). By this test the trial court properly "found that by no rational process could the trier of the facts base a finding in favor of the [nonmoving party] upon the evidence here presented" *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245). Plaintiff's reliance on our decisions in *Bartkowiak v St. Adalbert's R. C. Church Soc. (supra),* and *Mangione v Dimino* (39 AD2d 128) is misplaced. In *Mangione* the defendants, hosts of a "pool splash party", witnessed the events becoming boisterous and disorderly and did nothing to attempt to restrain or control the conduct of certain of their guests. As a result, the plaintiff was injured by the "intentional" actions of "others" who threw him into the pool. In the instant case the plaintiff's son voluntarily, and despite protests by others, dived from the roof of the house into the pool. In *Bartkowiak,* a wrongful death action, the decedent was stabbed to death by a 15-year-old boy who became intoxicated on beer which he had purchased from the defendant at a social event being run for profit by the defendant. In *Basso v Miller* (40 NY2d 233, 241), a negligence action relating to an alleged breach of duty to maintain premises, the Court of Appeals "announced [their] adherence to the single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability". The court added a caveat: "Of course, before it becomes appropriate for the jury to consider all such questions, the court, * * * must make the threshold determination as to whether the plaintiff, by introducing adequate evidence on each element, has made out a case sufficient in law to support a favorable jury verdict. *Only in those cases where there arises a real question as to the landowner's negligence should the jury be permitted to proceed" (id.,* pp 241–242 [emphasis added]). Under all the circumstances in the case at bar there was no "real question" as to the defendants' breach of any duty to keep the 19-year-old plaintiff from injuring himself. The trial court, although it did not base its decision on a finding that plaintiff was contributorily negligent as a matter of law, did state in its decision that "[i]t could be argued that under these circumstances plaintiff's * * * own conduct * * * amounts to contributory negligence as a matter of law [citing cases]". Although the facts may support such a determination, it is unnecessary, in view of plaintiff's failure to make a prima facie case of defendants' liability, to reach this question. (Appeal from judgment of Onondaga Supreme Court—negligence.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.