SINGER COMPANY, Appellant, v STOTT & DAVIS MOTOR EXPRESS, INC., et al., Respondents.

SINGER COMPANY, Appellant, v EMA HOLDING COMPANY, Respondent.

STERLING MILLWORK, Doing Business as SHAVER BROTHERS, Appellant, v STODA CORPORATION, Respondent.

STERLING MILLWORK, Doing Business as SHAVER BROTHERS, Appellant, v EMA HOLDING COMPANY, Respondent.

Fourth Department, February 26, 1981

APPEARANCES OF COUNSEL

*Gleason, Foulke, Magill & Hewitt (Walter C. Foulke* of counsel), for Singer Co., appellant.

*Bond, Schoeneck & King (S. Paul Battaglia* of counsel), for Sterling Millwork, Inc., appellant.

*Michaels, Michaels, Wineburg, Scollan & Weinstein (Lee S. Michaels* of counsel), for Stott & Davis Motor Express and another, respondents.

*Sugarman, Wallace, Manheim & Schoenwald (Donald L. Schoenwald* of counsel), for EMA Holding Co., respondent.

OPINION OF THE COURT

Moule, J.

Defendant EMA Holding Company (EMA) purchased a building complex in 1973 (Hoffman Plant) located on York Street in the City of Auburn. The complex was thereafter leased to defendant Stoda Corporation (Stoda), a companion corporation of Stott & Davis Motor Express, Inc.

(Stott & Davis). The two corporations had the same stockholders and officers.

Plaintiff Singer Company (Singer) had been storing its air conditioners in Stoda warehouses for several years. In May, 1974 Singer's transportation manager, Guy Battaglia, inquired of the president of Stott & Davis about renting warehouse space for 133 cartons of air-conditioning units. The goods were loaded on a Stott & Davis trailer and delivered to Stoda at the Hoffman Plant. Battaglia went to the warehouse accompanied by the president of Stott & Davis and Larry Ellis, who was vice-president of Stott & Davis and president of Stoda. Battaglia knew that Stott & Davis did not own the building. While looking over the premises, Battaglia noticed the sprinkler system and inquired about it; Ellis, who knew the system had been turned off, said that it was active.

Plaintiff Sterling Millwork (Sterling) purchased building materials in March, 1974 and negotiated with Ellis to store its goods at the Hoffman Plant. The vice-president of Sterling observed that the building was old and somewhat run down but did have a sprinkler system. Although Ellis informed him that there was no insurance on materials stored there, he did not mention that the sprinkler system was not operating.

On July 7, 1974 a fire broke out in the Hoffman Plant, totally destroying both Singer's and Sterling's goods. Singer and Sterling commenced separate actions to recover damages for the destroyed property. Singer alleged in its complaint that the fire and loss of its goods was caused by the negligence of Stott & Davis, Stoda or EMA in storing goods in a building with inadequate fire protection; that Stott & Davis, Stoda or EMA negligently misrepresented the condition of the building; and that Stott & Davis and Stoda breached their bailment contract. Sterling alleged in its complaint that Stoda breached its bailment contract; that the destruction of its goods was a result of Stoda's negligence; that the destruction of its goods was a result of EMA's negligence; and that as a third-party beneficiary it was damaged by Stoda's breach of the part of the lease agreement with EMA requiring it to insure the building contents. The two actions were joined for trial.

At trial, plaintiffs presented evidence tending to show inadequate fire precautions by defendants. The sprinkler system had been shut down for repairs and was not working when EMA purchased the building. An experienced fire protection engineer testified not only that sprinkler systems are effective in controlling a fire and preventing extensive damage but also that the leaks in the system could have been repaired without shutting down every sprinkler system in the building. While the building was equipped with an operable fire alarm box, it had to be manually operated and would not come on automatically in the event of fire. Even though the fire alarm was manually operated, and Stoda was aware the sprinkler system was shut down, there were no watchmen at the plant. The evidence showed that fire trucks arrived about one and one-half minutes after an alarm went off, but that the fire had been burning for about 20 to 45 minutes prior to the alarm.

At the close of the evidence, defendants moved for dismissal of plaintiffs' complaints for failure to prove a prima facie case. The motions were granted in four separate judgments which dismissed Singer's causes of action against Stott & Davis and Stoda; Singer's causes of action against EMA; Sterling's causes of action against Stoda; and Sterling's cause of action against EMA. Plaintiffs appeal from the four judgments, contending that they each established a prima facie case of negligence against Stoda; that Singer established a prima facie case of negligence against Stott & Davis; that they each established a prima facie case of negligence against EMA; and that Singer established a prima facie case of a breach by Stoda of the bailment contract.

Plaintiffs first contend that they established prima facie cases of negligence against defendant Stoda, and also that Singer established a prima facie case of negligence against defendant Stott & Davis. They, therefore, maintain that the trial court erred in dismissing the complaints against these defendants.

In reviewing the dismissal of a plaintiff's complaint, the evidence must be examined in the light most favorable to plaintiff (*Bradshaw v Paduano*, 55 AD2d 828, 829; *Braun-*

*stein v Robinson*, 47 AD2d 700; *Calvaruso v Our Lady of Peace R. C. Church*, 36 AD2d 755). Facts alleged by plaintiff and inferences which may be reasonably drawn from them must be accepted as true (*Brisette v New York City Tr. Auth.*, 45 AD2d 960; *Weiss v Garfield*, 21 AD2d 156, 158). The case should be submitted to the jury only where there is a rational process by which it could find for the plaintiff (*Bradshaw v Paduano, supra; Calvaruso v Our Lady of Peace R. C. Church, supra*).

If plaintiff is to recover for bailee negligence, he must establish that a bailment relationship existed with respect to the destroyed goods, and that the bailee failed to exercise the required standard of care in storing the goods (*Proctor & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp.*, 16 NY2d 344; *Claflin v Meyer*, 75 NY 260; *Russell Mfg. Co. v New Haven Steamboat Co.*, 50 NY 121). The statutorily defined standard of care provides: "(1) A warehouseman is liable for damages for loss of or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful man would exercise under like circumstances but unless otherwise agreed he is not liable for damages which could not have been avoided by the exercise of such care." (Uniform Commercial Code, § 7-204.) This statute does not alter the common law, but codifies it (*Proctor & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp., supra; Russell Mfg. Co. v New Haven Steamboat Co., supra*).

Once plaintiff establishes delivery of the goods and the failure of the bailee to return them on demand, a prima facie case of negligence is made and the burden of coming forward with evidence tending to show due care shifts to the bailee (*Claflin v Meyer, supra,* p 264). However, the burden of persuasion never shifts from the plaintiff to the bailee, and the bailee can rebut the prima facie case if it shows either how the loss occurred and that this was in no way attributable to its negligence, or that the requisite care was exercised in all respects to the bailed goods so that, regardless of how the accident transpired, it could not have been caused by any negligence on the bailee's part (*Pritchard & Co. v S. S. Hellenic Laurel*, 342 F Supp 388, 391). If the goods have been destroyed by fire, the plain-

tiff has the burden to show that the loss resulted from the bailee's negligence *(Claflin v Meyer, supra* p 263; *Lamb v Camden & Amboy R. R. & Transp. Co.,* 46 NY 271, 280).

The evidence presented at trial established a bailment relationship between plaintiffs and Stoda, delivery of the goods to Stoda and its failure to return them upon demand. This proof established plaintiffs' prima facie case of negligence and shifted the burden to the bailee of coming forward with evidence tending to show due care. Plaintiffs also went forward with proof of negligence on the part of Stoda, the evidence showing that the sprinkler system was inoperable; that Stoda was aware of this condition; that no watchmen were present; and that the fire alarm system could not be automatically activated. Expert testimony established that a properly operating sprinkler system could control the spread of the fire, and that an automatic alarm system would have been helpful given the close proximity of the fire department.

Under these circumstances, the issue of bailee negligence should have been submitted to the jury. Stoda did not successfully rebut plaintiffs' prima facie case of negligence by merely showing the fact that the goods were destroyed by fire, especially where plaintiffs went forward with proof of negligence. Plaintiffs produced sufficient evidence to establish a rational basis by which the jury could have found in their favor. Whether due caution requires a bailee to furnish the means for extinguishing fire, or provide an all-night watchman, has been held to be a question for the jury *(Russell Mfg. Co. v New Haven Steamboat Co., supra)*. Consequently, this cause of action by Singer and Sterling against Stoda should not have been dismissed.

Singer's contention that it established a prima facie case of negligence against Stott & Davis is, however, without merit. Any bailment relationship that may have existed between these two parties ended when Singer's air-conditioning units were delivered to Stoda at the Hoffman Plant. Therefore, this cause of action was correctly dismissed.

Singer's cause of action for negligent misrepresenta-

tion by Stoda is also without merit. Any misrepresentation occurred after the agreement to store the goods was made and after they were delivered. There was no showing that Singer relied on the representation that the sprinkler system was operable. Indeed, the evidence showed that Singer had stored goods in another warehouse of Stoda's which was also wooden and lacked a sprinkler system. Failing to show reliance, Singer cannot recover on the basis of Stoda's misrepresentation *(White v Guarente*, 43 NY2d 356, 363; *Nichols v Clark, MacMullen & Riley*, 261 NY 118, 125; *International Prods. Co. v Erie R. R. Co.*, 244 NY 331, 339).

■ Singer and Sterling next contend that they established a prima facie case of negligence against defendant EMA. Plaintiffs failed to establish the existence of a bailment relationship between themselves and EMA; consequently, EMA's only duty of care was that of a landowner. As such, liability can be imposed if EMA caused or permitted conditions to develop which were conducive to the igniting of the fire *(O'Neill v New York Ontario & Western Ry. Co.*, 115 NY 579; 22 NY Jur, Fires, § 11). There was no evidence in this case of any act by EMA which may have contributed to the development of such conditions. The only act plaintiffs claim was negligent was the failure to provide an operable sprinkler system; however, negligence cannot be predicated solely on the failure to provide an operating sprinkler system *(Zaritsky v Thrifty 381 Stores*, 67 Misc 2d 148). Accordingly, plaintiffs' causes of action against EMA were properly dismissed.

■ Singer's final contention is that it established a prima facie case of a breach by Stoda of the bailment contract. Singer asserts that the prior course of dealing between it and Stoda permits the implication of a covenant to store the goods in a fireproof building. Relying on *Miller v Greyvan Lines* (284 App Div 133), Singer claims Stoda is liable for the fire loss. However, unlike *Miller*, there is no proof there was a contractual requirement to store the goods in a fireproof warehouse. The prior course of conduct does not support the inference because Singer did not show the warehouses used in the past were fireproof. In addition, Singer specifically agreed to store the goods at the Hoff-

man Plant prior to delivery. Therefore, this cause of action was correctly dismissed.

Accordingly, the judgments dismissing the causes of action against Stoda for the negligent care of goods should be reversed and a new trial ordered. The judgments dismissing the other causes of action should be affirmed.

SIMONS, J. P., CALLAHAN, DENMAN and SCHNEPP, JJ., concur.

Judgments unanimously modified, and as modified affirmed, without costs, in accordance with opinion by MOULE, J.