■ FEUER HIDE AND SKIN CORPORATION, Appellant, v ROBERT KILMER, Doing Business as R. L. KILMER AND SONS COMPANY, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered September 24, 1979 in Fulton County, upon a dismissal of the complaint by the court at a Trial Term, at the close of plaintiff's case. This is an action based on bailment and negligence to recover damages to certain leather skins which plaintiff delivered to defendant, a leather shaver, for processing. At the close of the plaintiff's case, the court dismissed the complaint on the ground plaintiff failed to establish that the damage to the skins was caused by the negligence of defendant. This appeal ensued. The record reveals testimony that the skins in question were delivered to defendant's plant on or about August 29, 1975, which was a Friday; that on Sunday, August 31, 1975, the plant was partially destroyed by fire and the damaged skins thereafter returned to plaintiff; that when the plant was vacated on Friday

the doors were all locked; that on Saturday an employee checked the premises as part of his regular duties and found nothing out of order; and that immediately after the fire the broken windows were boarded up and the building secured and a police officer stationed to stand guard. The record also reveals that the first fireman to enter the building found the door unlocked and that defendant's son was the last one to leave the building before the fire. Plaintiff argues that there were questions of fact as to defendant's negligence in causing the fire. Plaintiff further argues that upon proof of defendant's failure to return the skins in accordance with his agreement, a prima facie case was established and the burden then shifted to defendant. It is true as urged by plaintiff that once it established delivery of the goods to defendant and the return of the property in a damaged condition, it had made a prima facie case in negligence against defendant *(Claflin v Meyer,* 75 NY 260). The burden of going forward with an explanation for the damage is then on defendant *(I.C.C. Metals v Municipal Warehouse Co.,* 50 NY2d 657; Richardson, Evidence [10th ed], § 109). In the instant case, that was accomplished by proof of the fire. Plaintiff then had the burden to demonstrate that the damage to the skins was due to the failure of defendant to exercise ordinary and reasonable care to safeguard the skins and such was not done by the mere proof of the fire *(Stewart v Stone,* 127 NY 500). Considering the record in light of these established principles of law, we are of the view that plaintiff failed to establish negligence on the part of defendant which was the proximate cause of the damage to the skins and, consequently, the court properly dismissed the complaint. There must be an affirmance. Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.