■ ALBANY MOTOR INN AND RESTAURANT, INC., et al., Respondents, v BERNE WATKINS, Appellant, et al., Defendant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered August 13, 1980 in Albany County, upon a decision of the court at Trial Term (Miner, J.), with an advisory jury. Plaintiff Albany Motor Inn and Restaurant, Inc. (AMI), in deep financial trouble and in need of fiscal resuscitation, considered an offer of defendant Watkins to purchase either the assets of AMI or Ethel Ibbotson's 100% stock

ownership. In connection with this offer, made in early 1976, the attorney for AMI and Ibbotson requested a financial statement. Defendant Watkins, stating he did not have a more recent financial account, provided a financial statement dated January 3, 1975 which, among other assets, listed 12 townhouses valued at $304,800. Shortly before Ethel Ibbotson's death, Watkins' offer was rejected in March of 1976. In December of 1976, Watkins reopened negotiations for the purchase of the AMI stock with the attorney who had represented Mrs. Ibbotson and the executor of her estate. Watkins reaffirmed the accuracy of his 1975 financial statement, attesting that the only change was that he had sold the townhouses for about the same amount listed on the statement. On February 17, 1977, a contract was executed by defendant Watkins and the executor for the estate wherein Watkins agreed to purchase the AMI stock for $200,000.[1] Watkins made a down payment of $5,000. A closing date was set pending approval by the State Liquor Authority for the corporate change of the liquor license from the estate to Watkins, and for payment by Watkins of $12,000 for overdue rent owed by AMI as lessees of the realty upon which the motel and restaurant are situated. The rental payments were required by the terms of the purchase contract. After several unsuccessful meetings between the parties failed to resolve the issue of unpaid rents, a management agreement enabling Watkins to operate the business was put into effect. When the lessor of the lands continued to press for payment and Watkins, after paying $5,000 of the $12,000 arrearage, could not make any additional payments, plaintiffs terminated both the contract of sale and management agreement on May 18, 1977. Thereafter, plaintiffs commenced this action. In the first cause of action seeking rescission of the contract of sale, it is alleged that defendant Watkins' financial statement was intentionally deceptive and fraudulent in that Watkins' mother was always the record owner of the residence valued at $60,000 in the fiscal account, and, further, that there were judgments against Watkins in the sum of $45,000 that were omitted from the financial statement.[2] Following a trial before an advisory jury, the trial court adopted the jury's verdict in plaintiffs' favor against defendant Watkins. Watkins has appealed from the judgment entered in favor of plaintiffs and assigns, as error requiring reversal, the trial court's denial of his motion, made at the close of plaintiffs' proof, to dismiss the first cause of action for failure to state a cause of action and comply with CPLR 3016 (subd [b]). We disagree. An action for rescission of a contract based on fraud, unlike a cause of action for damages on the same ground, does not require that *scienter* either be pleaded or proved. Even an innocent misrepresentation is a sufficient ground for rescission (*Brodsky v Nerud*, 68 AD2d 876). All that is required to state a cause of action for rescission of a contract based on fraud is to set forth the circumstances in detail showing that a false material representation was made and that plaintiff relied on the representation to his detriment. Here, a careful reading of the complaint clearly evidences compliance with these requirements. The first cause of action states not that defendant Watkins merely breached the contract, but that he misrepresented his intention to perform. Such an allegation of a material fact, allegedly false, upon which plaintiffs relied to their detriment, states a cause of action for contract rescission based on fraud (*Rudman v Cowles Communications*, 30 NY2d 1). Further, the complaint's allegations that Watkins knew or should have known at the time the contract of sale was executed that he was fiscally unable to meet its terms and that plaintiffs relied on the representations as to his

---

1. Defendant Henry Shapiro was assigned 50% of Watkins' interest, but he was not a contracting party. Judgment was entered against defendant Watkins only.

2. The complaint contained four other causes of action which were dismissed at the close of plaintiffs' case and are not at issue on this appeal.

financial worth, satisfy the requirement of pleading particularity contained in CPLR 3016 (subd [b]) (*Lanzi v Brooks,* 43 NY2d 778). Turning to the proof adduced to support the cause of action for rescission, we conclude that it is sufficient. A review of the record shows that defendant Watkins paid only $5,000 of the $12,000 rental arrearages and failed to pay past-due obligations of AMI as required by the contract under attack. Such failures constituted a substantial failure of consideration since performance of these contractural requirements was essential to the corporate survival of AMI. Lastly, defendant Watkins' contention that the trial court erred in admitting as evidence a writing contained in the files of the Small Business Administration in connection with a loan application by Watkins, which showed his financial condition at the time to be very poor, is without merit. Circumstantial proof established that the information therein could only be known by Watkins, who never availed himself of the opportunity to testify that he was not the author. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.