■ NICHOLAS D'ANGELO, Respondent-Appellant, v BOB HASTINGS OLDSMOBILE, INC., Appellant-Respondent. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff commenced this action for equitable rescission based on fraud after he discovered that the "new" truck which he purchased from defendant was a "demonstrator". In such an action, unlike a cause of action in damages on the same ground, proof of *scienter* and pecuniary loss is not needed (see *Albany Motor Inn & Rest. v Watkins,* 85 AD2d 797, 798; *Commercial Credit Corp. v Third & Lafayette Sts. Garage,* 226 App Div 235, 239-241); even an innocent misrepresentation is sufficient ground for rescission (see *Seneca Wire & Mfg. Co. v Leach & Co.,* 247 NY 1, 8; *Brodsky v Nerud,* 68 AD2d 876, 877). Relief may not be denied because of a failure to tender before judgment restoration of the benefits received; "but the court may make a tender of restoration a condition of its judgment, and may otherwise in its judgment so adjust the equities between the parties that unjust enrichment is avoided (CPLR 3004; see, also, *Goldsmith v National Container Corp.,* 287 NY 438; *Holdeen v Rinaldo,* 28 AD2d 947, 949). Our examination of the record in this case discloses that plaintiff proved a prima facie case of fraud and that the

trial court's findings of fact are supported by a fair interpretation of the evidence (see *McCall v Town of Middlebury,* 52 AD2d 736). Contrary to plaintiff's assertion, the court, in arriving at his damages, did not depreciate the value of the truck but found that defendant had discounted it by the sum of $1,441 which amount the court properly credited to the defendant. The court, however, in endeavoring to render complete relief (CPLR 3002, subd [e]) and to place the parties where they were before the vitiated contract was made (see *Vitale v Coyne Realty,* 66 AD2d 562), improperly granted relief by way of offset by crediting defendant with storage charges for the period from March 13, 1978, when plaintiff returned the truck to defendant, until August 21, 1978, when plaintiff elected to rescind the contract. The court found that an implied contract of storage resulted because defendant routinely imposes such charges when vehicles are left for body repairs which it is not asked to make. No proof, however, was submitted from which it could be inferred that an implied contract of storage resulted from plaintiff's act. A quasi contract or a contract implied by law where none in fact exists "rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." (*Miller v Schloss,* 218 NY 400, 407.) Further, a contract implied in fact may not be found to exist unless the person to be charged "has conducted himself in such a manner that his assent may fairly be inferred" (*Miller v Schloss, supra,* p 407; see, also, *Grombach Prods. v Waring,* 293 NY 609). Here, plaintiff neither enriched himself at defendant's expense nor conducted himself in such a manner that his assent to a storage contract may be implied. The truck, which had been damaged in a one-vehicle accident, was returned to defendant because it was believed to be defective, and not for repair or storage, and plaintiff was unaware until after his act of rescission that storage charges would be imposed. The defendant's possession of the vehicle was consistent with the existence of a dispute and not with an implied agreement for storage. The judgment is modified by increasing the award to the plaintiff in the amount of $467.03. (Appeals from judgment of Supreme Court, Monroe County, Provenzano, J. — rescission of contract.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.