In the Matter of KATHLEEN JAMES, Individually and as Administratrix of the Estate of DANNY R. NEFF, Deceased, Respondent, v STATE OF NEW YORK et al., Appellants.

Fourth Department, December 17, 1982

APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Peter J. Dooley* and *Jeremiah Jochnowitz* of counsel), for appellants.

*Paul William Beltz, P.C.* (*Francis M. Letro* of counsel), for respondent.

*Robert H. Silk* for New York State Trial Lawyers Association, *amicus curiae.*

*Nixon, Hargrave, Devans & Doyle* for American Insurance Assn. and another, *amicus curiae.*

OPINION OF THE COURT

MOULE, J.

The issue presented on this appeal is whether an administratrix of the estate of an employee killed in a work-

related accident may bring an action against the workers' compensation carrier of decedent's employer for negligent inspection of the worksite.

■ An action against the State of New York and the New York State Insurance Fund (carrier)[1] was brought by Kathleen James, individually and as administratrix of the estate of decedent, Danny Neff, after he sustained fatal injuries at the Everest Brockway Saw Mill when he came into contact with a 56-inch saw blade which was allegedly unguarded. Claimant alleges that defendant was negligent in failing to inspect properly and adequately the premises of the saw mill, in failing to warn of the dangerous condition of the saw, in providing workers' compensation insurance when a dangerous condition existed and that defendant breached its contract express and implied.

The contract of insurance between defendant and decedent's employer provided that: THE STATE INSURANCE FUND and any authorized rating board or bureau operating under the insurance laws of the State of New York designated by THE STATE INSURANCE FUND, shall each be permitted but not obligated to inspect at any reasonable time during the policy period the workplaces, operations, plants, machinery, appliances and equipment covered by this policy. Neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the employer or others, to determine or warrant that such workplaces, operations, plants, machinery, appliances and equipment are safe."

Defendant moved to dismiss the claim for, among other things, failure to state a cause of action. Special Term denied the motion, relying on the authority of *Cline v Avery Abrasives* (96 Misc 258) for the proposition that, once a carrier assumes the obligation of performing safety inspections on the employer's premises, it may be held liable for conducting a negligent inspection.

---

1. [1] The relationship between the State and the State Insurance Fund is such that the fund's liabilities are those of the State and a claim against the fund is properly brought against the State itself (*Cardinal v State of New York,* 279 App Div 326, 334, mod on other grounds 304 NY 400). Therefore, for the purposes of this opinion, no distinction will be made between them.

The rule relied on by Special Term is that "one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all" (*Glanzer v Shepard,* 233 NY 236, 239). This rule has been limited, however, to apply only to those situations wherein the action taken is for the benefit of another and not in furtherance of the interest of the one who assumes to act (*Home Mut. Ins. Co. v Broadway Bank & Trust Co.,* 53 NY2d 568).

In discussing the applicability of this principle, the Court of Appeals in *Home Mut. Ins. Co.* (*supra,* at p 576) cited *Gerace v Liberty Mut. Ins. Co.* (264 F Supp 95, 97), which dismissed an action against a contractor's liability insurance carrier by a workman injured by a defective condition on a construction site previously inspected by the carrier. The court (p 576) quoted the following language from the *Gerace* opinion:

" 'There is a general principle of law that a person who volunteers to do something that he is under no obligation to do, must nevertheless use due care in carrying on the voluntary activity. This doctrine applies if the volunteered act is undertaken for the benefit of someone else. A Good Samaritan who carelessly injures the person he is trying to help may perhaps be liable for his negligence.

" 'In this case, however, the insurance carrier did not undertake to perform a voluntary act for the benefit of someone else. It did so for its own protection in order to reduce risks that might give rise to liability on the policy.' "

The language of the insurance contract expressly disclaims that any inspection or report thereon is conducted for the benefit of the employer or others. As in *Gerace v Liberty Mut. Ins. Co.* (*supra*), the inspection was conducted for the carrier's own protection to reduce risks that might give rise to liability or possibly for the purpose of rate setting since the language of the policy provides that an authorized rating bureau may inspect. Whatever the underlying purpose of the inspection, the contract clearly indicates that it was not for the benefit of any other person and, therefore, claimant's attempt to hold defendant liable for its alleged gratuitous undertaking must fail

(see *Rosenhack v State of New York,* 112 Misc 2d 967; *Nieto v Investors Ins. Co. of Amer.,* NYLJ, Dec. 14, 1981, p 18, col 5).

Claimant asserts that dismissing the claim would be premature without the benefit of pretrial discovery. She argues that pretrial discovery may provide further definition of the "purpose and thought" behind the inspection (see *Nelson v Union Wire Rope Corp.,* 31 Ill 2d 69).

We disagree with claimant's assertion that pretrial discovery might substantiate this claim. Even if assurances of the adequacy of the inspection or of the safety of the premises were disclosed, such assurances would not enlarge the scope of the duty undertaken by defendant as defined in its contract. Although the claim is based on negligence and not on the contract,[2] the scope of the undertaking must be determined in the context of the contract and not in isolation from it since any inspection which may have occurred was conducted pursuant to the permissive clause in the contract. Viewed in this context, the undertaking was clearly not for the benefit of the employer or employee. We cannot read the express language out of the contract in order to convert this inspection, conducted for defendant's own benefit, into an inspection for the benefit of third parties. Nothing that claimant may discover will change the express purpose for which the carrier conducted the inspection. Given this purpose, the employer could not attempt to hold defendant liable for a gratuitous undertaking and it would be anomalous to allow a third party to assert rights greater than those of the parties to the contract stemming from an inspection made only in connection with the contract (see *Kennard v Liberty Mut. Ins. Co.,* 277 So 2d 170 [La App]).

Claimant also asserts that since decedent was within the range of apprehension and the risk to decedent was foreseeable, defendant owed a duty of care to decedent. However, foreseeability should not be confused with duty; the

---

2. The fine line of separation between liability based on negligence (gratuitous undertaking) and contract is demonstrated and discussed in *Glanzer v Shepard* (233 NY 236, 241, *supra*) wherein Judge CARDOZO noted that either theory could have been relied upon to hold the defendants liable. In that case, however, the action taken by defendants was clearly for the benefit of plaintiff.

principle expressed in *Palsgraf v Long Is. R.R. Co.* (248 NY 339) is applicable to determine the scope of duty only after it has been determined that there is a duty (*Home Mut. Ins. Co. v Broadway Bank & Trust Co.,* 53 NY2d 568, 577, *supra*). Defendant had no duty, contractual or otherwise, to inspect the employer's premises. Accordingly, it cannot be held liable in negligence for failing to detect or warn of the unsafe condition of the workplace. Furthermore, defendant was not negligent in providing insurance when a dangerous condition existed since it could not have discontinued or canceled the insurance even if it had discovered this safety defect (see Workers' Compensation Law, § 54, subd 5; § 94).

Claimant's last theory of liability is breach of contract, express and implied. Since decedent was not a party to this contract, his rights, if any, would stem from his ability to establish his status as a third-party beneficiary. The general rule with regard to third-party beneficiaries is that an intent to confer a direct benefit on a third party must clearly appear in order to enable such a party, not named in the contract, to recover thereunder (*Salzman v Holiday Inns,* 48 AD2d 258, mod on other grounds 40 NY2d 919). The benefit must be direct and not merely incidental (*Beck v FMC Corp.,* 53 AD2d 118, affd 42 NY2d 1027). The contractual provision here expressly negates an intent to benefit third parties and is necessarily decisive as to the rights of such parties (see *Ficor, Inc. v National Kinney Corp.,* 67 AD2d 659; *Larkin v Metropolitan Life Ins. Co.,* 28 Misc 2d 451).

Claimant's attempt to hold defendant carrier liable under a theory of implied contract also fails. A quasi contractor or a contract implied by law, where none in fact exists, rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another (*Miller v Schloss,* 218 NY 400, 407; *D'Angelo v Hastings Oldsmobile,* 89 AD2d 785). Further, a contract implied in fact will not be found to exist unless the party sought to be charged conducts himself in such a manner that his assent to be so charged may fairly be inferred (*Miller v Schloss, supra; D'Angelo v Hastings Oldsmobile, supra*). These theories of contractual liability are clearly

not applicable to the facts presented here. Defendant was not unjustly enriched in any way; nor did it conduct itself in any manner such that consent to be charged may be fairly inferred. By contract, it expressly disclaimed such consent.

We do not pass upon the question of whether the carrier should be cloaked with the same immunity as the employer under the workers' compensation statute since we are basing our decision on the narrower issue of whether the claim states a cause of action in negligence or contract.

Accordingly, the claim should be dismissed.

SIMONS, J. P., HANCOCK, JR., CALLAHAN and BOOMER, JJ., concur.

Order unanimously reversed, without costs, and claim dismissed.