■ BANK OF CASTILE, Respondent, v GEORGE N. SALERNO et al., Appellants, et al., Defendant. (Appeal No. 1.) — Judgment unanimously modified and, as modified, affirmed, with costs to defendants Swearingen, in accordance with the following memorandum: After a Bench trial the court found that the Bank of Castile (Bank) was a holder in due course of two checks issued by defendants LaSalle and Wolcott for merchandise which they purchased at a public auction held by defendants James and Nancy Swearingen and conducted by defendant Ketchum, an auctioneer (Uniform Commercial Code, §§ 3-302, 3-305, subd [2]). Judgments were entered in favor of the Bank against all defendants. The court erred in directing judgment against the Swearingens. The Bank certified a check in the amount of $25,180.40, the net proceeds of the auction, at the request of Ketchum, its depositor. By doing so and issuing the check to the Swearingens, the Bank incurred direct liability to them as payees (White and Summers, Uniform Commercial Code [2d ed], § 17-5, pp 680-681). The fact that LaSalle and Wolcott thereafter stopped payment on their checks to Ketchum so that he had insufficient funds to cover the amount certified did not relieve the Bank of its obligation. The Bank's attempt to recover from the Swearingens on a theory of unjust enrichment is unavailing. In order to recover under that theory, the Bank would have had to show that the Swearingens had enriched themselves unjustly and that they could not in good conscience retain

the proceeds (see *Spallina v Giannoccaro,* 98 AD2d 103; 22 NY Jur 2d, Contracts, §§ 448-450). The court found, however, that the Swearingens did not misrepresent the condition of the merchandise and that conclusion is supported by a fair interpretation of the evidence (*D'Angelo v Hastings Oldsmobile,* 89 AD2d 785, affd 59 NY2d 773). Inasmuch as the court determined that the Swearingens were legally entitled to the auction proceeds, they were not unjustly enriched and there is no basis in equity for plaintiff to recover against them. In view of the court's finding that the Swearingens did not misrepresent the merchandise, there is no merit to the argument of Salerno and LaSalle that they should have been granted judgment on their cross claim for misrepresentation. (Appeal from judgment of Supreme Court, Wyoming County, Newman, J. — auction — payment for goods purchased.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.