ROBERT MIX, Respondent, v EDGAR L. NEFF, JR., Appellant.

Third Department, February 23, 1984

APPEARANCES OF COUNSEL

*Edmund J. Hoffmann, Jr.,* for appellant.

*Thaler & Thaler (Nathaniel F. Knappen* of counsel), for respondent.

**OPINION OF THE COURT**

WEISS, J.

Plaintiff commenced this action for specific performance of an oral contract for the sale of his garage and towing service business (which included equipment) or, alternatively, for money damages. It appears that defendant took

possession of the equipment, refinanced the same at a bank, paid the cash agreed upon to plaintiff, but refused to execute a promissory note or pay the balance of $18,000. Defendant alleged that plaintiff made fraudulent representations and warranties as to the condition of the equipment and as to certain written contracts for towing with three customers. The answer, which contains an affirmative defense and counterclaim, seeks rescission of the contract and money damages based upon the false and fraudulent representations. On this appeal, defendant contends that the trial court erred by denying its motion, made at the close of plaintiff's case, to dismiss on the ground that plaintiff failed to prove a prima facie case, and by instructing the jury that defendant had the burden of proof on the issue of fraud in the inducement or false representation.

■ Defendant first contends that its motion to dismiss at the close of plaintiff's proof should have been granted because plaintiff failed to prove performance on his part. Although the complaint alleged that the sale included "ongoing business relationships and contracts with Cornell University, the Ithaca Police Department, and the United States Post Office", plaintiff testified that he had no contracts with these entities other than a position upon a rotating list of those called when towing services were required. Other proof showed that this position on the lists was assignable and that defendant, had he so desired, could have replaced or succeeded plaintiff on the lists. In the absence of a written agreement of sale, plaintiff's proof of what performance was required of him constituted the only evidence on this issue before the trial court when defendant's motion to dismiss was considered. The court, in denying the motion, held that the term "contract", as used by the parties, was ambiguous and left to the jury the determination of whether plaintiff had "conveyed to [defendant] what he agreed to give him and whether or not the contract [had] been breached". We agree. The rule of law on this subject may be found in the case of *Lipsius v White* (91 AD2d 271, 276), where the court said: "In reviewing [a motion for] the dismissal of a plaintiff's complaint, this court is required (as was the trial court) to view the evidence in the light most favorable to the plaintiff

(*Singer Co. v Stott & Davis Motor Express,* 79 AD2d 227, 230; *Bradshaw v Paduano,* 55 AD2d 828, 829; *Braunstein v Robinson,* 47 AD2d 700; *Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755), and all questions as to witnesses' credibility must be resolved in plaintiff's favor (see *Hurder v Kosoff & Sons,* 23 AD2d 804)." In order to have granted defendant's motion, the trial court would have had to find that by no rational process could the jury have found in plaintiff's favor upon the evidence presented (see *Lipsius v White, supra,* pp 276-277, citing *Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245). Our review of the record shows the existence of sufficient evidence to support the jury's determination.

Defendant next urges that the trial court erroneously charged the jury that defendant had the burden of proving fraud in the inducement or false representation. This argument underscores a complex dichotomy in the case law which makes a distinction between fraud in the *factum* (or quantum) (*Gilbert v Rothschild,* 280 NY 66, 72) and fraud in the *inducement.* The burden of proof differs in each of these instances. Fraud in the factum generally connotes an attack upon the very existence of a contract from its beginning, in effect alleging that there was no legal contract and that the instrument never had a valid inception. The attack is upon certain facts which occurred at the time of the alleged execution of the agreement, upon which facts the validity of the agreement depends. For example, the claim could be that the signatory signed an instrument different from that which he understood it to be. In such case, the instrument would be void *ab initio* (*supra,* at p 71). In essence, this defense is "in substance negative" (*Murray v Narwood,* 192 NY 172, 177) and results in the requirement that a "plaintiff, in undertaking to prove the contract upon which his action is based, [has] cast upon him the burden of establishing, by a preponderance of evidence, that it was a good and valid contract having a legal inception which was binding upon the defendant" (*Fleming v Ponziani,* 24 NY2d 105, 110). In such cases, rescission is unnecessary (*Gilbert v Rothschild, supra,* p 71).

To be distinguished is the claim where an opponent of a contract asserts the defense of fraud in the inducement,

which, if proven, renders the contract voidable (see *Adams v Gillig,* 199 NY 314, 317). This form of fraud is usually based on facts occurring prior or subsequent to the execution of a contract which tend to demonstrate that an agreement, valid on its face and properly executed, is to be limited or avoided (see *Mangini v McClurg,* 24 NY2d 556, 563). When an opponent of a contract alleges fraud in the inducement, whether as an affirmative defense or by way of a counterclaim seeking rescission, he must sustain the burden of persuasion (*Steinberg v New York Life Ins. Co.,* 238 App Div 206, 210, revd on other grounds 263 NY 45; see, also, *D'Angelo v Hastings Oldsmobile,* 89 AD2d 785, mot for lv to app den 57 NY2d 836). That burden of proving fraud in the inducement, or a cause of action seeking rescission on that ground, requires that the proof be "by most satisfactory evidence" (*Adams v Gillig, supra,* p 323), which we interpret to be clear and convincing evidence rather than only a fair preponderance of the credible evidence. We have also accepted the principle that innocent misrepresentations are sufficient to make a contract voidable (see *Albany Motor Inn & Rest. v Watkins,* 85 AD2d 797, 798, mot for lv to app den 56 NY2d 508; *D'Angelo v Hastings Oldsmobile, supra*).

These principles in mind, an examination of this record shows that the charge to the jury was correct with respect to the imposition upon defendant of the burden of proving the claims of fraud in the inducement and misrepresentation made in his affirmative defense and counterclaim. Since defendant conceded a valid *oral* contract, plaintiff was relieved of the burden of proving the absence of fraud in the factum attendant execution (*Fleming v Ponziani,* 24 NY2d 105, *supra; Gilbert v Rothschild,* 280 NY 66, *supra*). Since defendant instead argued that the fraud and misrepresentation centered upon the condition of the equipment sold and the presence or absence of written contracts for towing services with Cornell University, the Ithaca Police Department and the United States Post Office and sought rescission and money damages in his counterclaim, the burden of persuasion rested upon defendant as to those allegations (*Mangini v McClurg,* 24 NY2d 556, *supra; Fleming v Ponziani, supra; Adams v*

*Gillig,* 199 NY 314, *supra).* The trial court did, however, err in that portion of its jury instructions dealing with the quantum of proof required to fulfill that burden when it described the burden as "a fair preponderance of the credible evidence". Although the burden actually requires the "most satisfactory evidence" (*Adams v Gillig, supra,* p 323), the error here favored defendant by imposition of a lesser standard of proof, and it, therefore, does not require reversal.

The judgment should be affirmed, with costs.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Judgment affirmed, with costs.