(May 24, 1984)

■ CORPORATE PRINTING COMPANY, INC., Appellant, v LaSALLE INDUSTRIES, INC., Respondent. — Judgment of the Supreme Court, New York County (Donald Miller, J.), entered on March 14, 1983, which, at a nonjury trial, dismissed the complaint at the conclusion of plaintiff's case, is reversed, on the law, the motion to dismiss the complaint denied, the complaint and counterclaim reinstated, and the matter remanded for a new trial, without costs or disbursements. ¶ Plaintiff commenced the instant breach of contract action seeking $12,699.38 for damages allegedly suffered as a result of defendant's wrongful mailing, despite instructions to the contrary, of certain proxy solicitation materials. The matter eventually came to trial (nonjury) and at the conclusion of plaintiff's case, the court granted defendant's motion to dismiss the complaint. The court rejected plaintiff's claim for the cost of printing the material in question, holding that since this material had already been printed and plaintiff had decided not to bill its client for the work performed, defendant's breach of contract did not cause any monetary damage. The court also

determined that plaintiff had failed to demonstrate that it was entitled to recover the cost of the postage lost through the improper mailing, as well as the cost of printing and sending to shareholders a subsequent communication advising them that the previous mailing had been in error and should be ignored. ¶ However, an examination of the evidence introduced at trial indicates that plaintiff made out a prima facie case for a refund of the value of the postage expended on the wrongful mailing. Moreover, a prima facie case was also made out in connection with the follow-up communication. Although defendant contends that the second mailing included notice of a buy-out agreement and would, thus, have been necessary in any event, this fact might warrant a mitigation of plaintiff's damages. Plaintiff's prima facie case in this respect was, nonetheless, shown by proving the printing of a separate, cover letter intended to clear up the confusion created by the earlier mailing. As to the claim for the printing costs of the proxy solicitation material, an issue of fact was presented that the nonreceipt by plaintiff of its printing charges may have constituted consequential damages arising out of defendant's breach of contract. At any rate, in reviewing the dismissal of plaintiff's complaint, "the evidence must be examined in the light most favorable to plaintiff * * * Facts alleged by plaintiff and inferences which may be reasonably drawn from them must be accepted as true" (*Singer Co. v Stott & Davis Motor Express,* 79 AD2d 227, 230-231). Consequently, the court should not have dismissed the complaint, and plaintiff is entitled to a new trial. Concur — Murphy, P. J., Sullivan, Bloom, Fein and Milonas, JJ.