■ HAROLD E. KINGSLAND et al., Respondents, v FACTORY MUTUAL SYSTEM, Appellant, et al., Defendants.—Order unanimously reversed on the law without costs and motion granted, in accordance with the following memorandum: At oral argument, plaintiffs asserted that they were pursuing only the negligence cause of action. Accordingly, we do not address the propriety of Special Term's order relating to other causes of action alleged in the complaint. We conclude that Special Term erred in denying defendant's motion for summary judgment dismissing the complaint.

"[O]ne who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all" *(Glanzer v Shepard,* 233 NY 236, 239). This general rule has been limited, however, to apply only to those situations where the action taken is for another's benefit and not in furtherance of the interest of the one assuming to act *(Home Mut. Ins. Co. v Broadway Bank & Trust Co.,* 53 NY2d 568; *Matter of James v State of New York,* 90 AD2d 342, 344, *affd* 60 NY2d 737; *see also, Gerace v Liberty Mut. Ins. Co.,* 264 F Supp 95, 97). In this case, defendant performed loss prevention inspections at the Hanna Furnace Corp. facilities at the request of the corporation's insurance carrier which provided coverage for property damage or business interruption losses caused to boilers and machines specifically described in the

policy. The purpose of the inspections was to supply information to the insurance carrier in order to reduce hazards that might give rise to liability on the policy. Defendant did not undertake the inspections for the benefit of Hanna Furnace Corp.'s employees. Accordingly, defendant owed no duty to plaintiffs and therefore, as a matter of law, was not negligent. (Appeal from order of Supreme Court, Erie County, McGowan, J.—summary judgment.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.