■ Tok Hwai Koo, Respondent, v Robert Koo Wine & Liquor, Inc., et al., Appellants. [611 NYS2d 4] —Judgment, Supreme Court, New York County (Bruce Wright, J.), entered April 19, 1993, upon a verdict in favor of plaintiff and against

defendants, *inter alia,* setting aside the deed dated May 10, 1983, purporting to transfer the subject property from plaintiff to defendant Robert Koo Wine & Liquor, Inc., unanimously affirmed, with costs. Appeal from the order, same court and Justice, entered on or about April 23, 1993, denying defendant's motion to set aside the jury verdict, unanimously dismissed as subsumed within the appeal from the judgment, without costs.

Given that defendant Koo admittedly signed plaintiff's name to the deed, plaintiff's claim that Koo did so without plaintiff's authority cast the burden of proof on defendants, who sought to sustain the validity of the deed, to rebut plaintiff's claim of fraud in the factum by a preponderance of the evidence *(see, Fleming v Ponziani,* 24 NY2d 105, 110-113; *Mix v Neff,* 99 AD2d 180, 182), as the trial court correctly charged. Defendants waived any right they had to open first by failing to object or even request that they be permitted to do so pending the court's decision as to which side had the burden of proof, and indeed affirmatively agreeing with the court that such decision could be postponed until the close of evidence. We have considered defendants' remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Asch, JJ.