**Philip SHORT, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE and the United States of America, Defendants.**

**No. 93 Civ. 7793 (DAB).**

United States District Court, S.D. New York.

Dec. 1, 1995.

Philip Short, pro se, Mount Vernon, NY, for plaintiff.

Linda Riffkin, Lorraine S. Novinski, Assistant U.S. Attorneys, U.S. Department of Justice, New York City, for defendants.

## MEMORANDUM AND ORDER

BATTS, District Judge.

Plaintiff *pro se*, Philip Short, commenced this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, seeking compensation for damage sustained to his private vehicle. The damage allegedly occurred while Plaintiff's car was parked on the premises of his employer, the United States Postal Service. Defendants moved for summary judgment and Plaintiff has responded to that motion. For the reasons stated herein, Defendants' motion for summary judgment is hereby granted.

## I. BACKGROUND

Philip Short ("Short") works for the United States Postal Service as a letter carrier. (Pl.'s Aff. in Opp. of 9/14/94 [hereinafter Pl. Aff.], at 1; Mindlin Decl. ¶ 2; Def.'s Local Rule 3(g) Statement [hereinafter Def. 3(g)] ¶ 2.) His job requires him to use a postal vehicle during his work hours. (Pl. Aff. at 2, 5; Def. 3(g) ¶ 2.) The Postal Service vehicle assigned to Short is kept at the Manhattan Vehicle Maintenance Facility ("VMF"). (Pl. Aff. at 1–2; Def. 3(g) ¶ 6.) Plaintiff's position requires him to report to the VMF every workday morning and return there each evening. (Pl. Aff. at 2, 5; Def. 3(g) ¶ 6.) The Postal Service permits employees in Plain-

tiff's position to park their private cars in the facility while they are working. (Pl. Aff. at 2; Def. 3(g) ¶ 4.)

The VMF is a four story, enclosed building owned and operated by the U.S. Postal Service. (Pl. Aff. at 1, 3.) It contains storage for a large part of the Postal Service vehicle fleet, a repair shop, gas pumps, truck washing machines, etc. (Pl. Aff. at 1–2.) The VMF has designated entrances and exits for truck and private usage and has security cameras located on all the floors. (Pl. Aff. at 3.) The security cameras connect to a main control room from which a supervisor monitors the activity throughout the building. (*Id.*)

Upon completion of the VMF, station managers were requested to supply a list of employees who would be picking up Postal Vehicles at the VMF. (Pl. Aff. at 2.) Station managers were informed that any employee assigned to pick up a vehicle from the VMF must submit the make, model, year, and license plate number of the vehicle they would be driving to work and parking at the garage. (*Id.*) After the lists were compiled and submitted, management allowed the employees to park their car in the VMF under the following guidelines: upon reporting to work the employee was assigned a yellow identification tag that had to be displayed in the window of his car all day; the employee's vehicle was to be parked only in the spot from which the postal vehicle he would be using that day was removed; any vehicle not displaying a yellow identification tag and/or not registered on the master list would be towed from the VMF. (*Id.*)

On January 11, 1993, Plaintiff parked his car on the roof of the VMF and reported to work. (Pl. Aff. at 5; Def. 3(g) ¶ 8.) After work, while Plaintiff was driving home, his car began to overheat. (Pl. Aff. at 5.) Unable to ascertain the problem, Short continued until driving the car became difficult. Plaintiff then had the car towed to a gas station. (*Id.*) Upon subsequent inspection, Plaintiff's mechanic discovered that four potatoes had been shoved into the tailpipes of Short's car, causing the exhaust system to fail. (Pl. Aff. at 5; Def. 3(g) ¶ 8.) The

damage to Plaintiff's car was estimated at $2,976.49. (Pl. Aff. at 5; Def. 3(g) ¶ 8.)

Plaintiff subsequently filed a Claim for Damage, Injury, or Death with the Postal Service. (Pl. Aff. at 4–5; Def. 3(g) ¶ 8; Mindlin Aff. Ex. A (Claim for Damage, Injury, or Death).) Plaintiff claims that his car was vandalized during the time it was parked on Defendants' property. (Pl. Aff. at 5; Def. 3(g) ¶ 8.) On March 4, 1993, the Postal Service denied Plaintiff's claim, stating it was not obligated to pay because there was no proof the damage was caused by the negligent or wrongful act or omission of one of its employees. (Def. 3(g) ¶ 14.) Plaintiff subsequently filed the present action in federal district court under the FTCA, claiming that the Defendants are liable for the damages to his car. (Pl. Aff. at 6.)

## II. DISCUSSION

### A. Summary Judgment Standards

Pursuant to Fed.R.Civ.P. 56(c), summary judgment may be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A court must view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. at 1348, 1356, 89 L.Ed.2d 538 (1986). "However, where the nonmoving party bears the burden of proof as to a particular issue, the moving party may satisfy his burden under Rule 56 by demonstrating an absence of evidence to support an essential element of the nonmoving party's claim." *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir.1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986)). "[W]here the moving party has attempted to demonstrate that the nonmoving party's evidence is insufficient as a matter of law to establish his claim, the burden shifts to the nonmoving party to come forward with persuasive evidence that his claim is not 'implausible.' The question then becomes, is there sufficient evidence to reasonably expect that a jury could return a verdict in favor of the nonmoving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir.1988).

### B. Governing Law

Plaintiff sues under the FTCA, 28 U.S.C. § 1346. "With respect to tort claims as to which the United States has waived its sovereign immunity, the FTCA requires the court to apply the substantive law of the place where the event occurred." *Castro v. U.S.*, 34 F.3d 106, 110 (2d Cir.1994); 28 U.S.C. § 1346(b). Thus, New York substantive law applies to Plaintiff's claim.

### C. Plaintiff's Claim

The parties briefing this motion focus primarily on the presence or absence of a bailment, and whether Plaintiff can marshal enough evidence to survive a motion for summary judgment as to negligence. Whether a bailment exists, however, is irrelevant for the purposes of this motion, because even presuming the existence of a bailment, Plaintiff's claim cannot survive. Hence, for the purposes of this motion only, the Court will assume the presence of a bailment.

Once a bailment has been established, and loss or damage to stored goods proven, the law places a burden on the bailee to "come forward and explain the circumstances of the loss or damage to the bailed goods upon pain of being held liable for negligence. If the [bailee] does provide an explanation for the loss or damage, the plaintiff then must prove that the [bailee] was at fault if he is to recover." *I.C.C. Metals, Inc. v. Municipal Warehouse Co.*, 50 N.Y.2d 657, 431 N.Y.S.2d 372, 378, 409 N.E.2d 849, 854 (1980) (citations omitted); *see also Singer Co. v. Stott & Davis Motor Express, Inc.*, 79 A.D.2d 227, 436 N.Y.S.2d 508, 510–11 (4th Dep't 1981). Here, the parties do not dispute the circumstances causing the damage to Plaintiff's vehicle: someone, whether a trespasser or someone lawfully upon the property of the Defendants, placed potatoes

into Plaintiff's tailpipe. This explanation for the damage satisfies Defendants' burden. *I.C.C. Metals,* 431 N.Y.S.2d at 377, 409 N.E.2d at 853–54.

■ Because Defendants have met their burden of explaining what happened to Plaintiff's car, the onus rests upon the Plaintiff to prove that the damage to his car resulted from Defendants' negligence. *Id.* at 378, 409 N.E.2d at 854. As evidence of negligence, the Plaintiff offers only the following theory on use (or nonuse) of surveillance cameras around the postal service facility:

> The Postal Service was negligent because if the person who was manning the desk in the main control room was doing their job, they would have seen the persons responsible for the vandalism done to my automobile. Then, the person would have called the Postal police or other local Authorities to apprehend the perpetrators. Once [t]he Postal Service assumed the duties (ie), [sic] the installation of surveillance cameras to monitor and protect postal and private vehicles parked in designated areas occupied by postal and other vehicles, that duty must be performed in a non negligent [sic] manner.

(Pl.'s Aff. Opp. Mot. Summ. J. at 1.)

■ This theory, however, fails to meet the affirmative burden of proof that rests upon the Plaintiff to "demonstrate that the damage to [the bailed property] was due to the failure of defendant to exercise ordinary and reasonable care to safeguard [the property].…" *Feuer Hide and Skin Corp. v. Kilmer,* 81 A.D.2d 948, 439 N.Y.S.2d 704, 705 (N.Y.Sup.Ct.1981); *see also Voorhis v. Consolidated Rail Corp.,* 60 N.Y.2d 878, 470 N.Y.S.2d 364, 458 N.E.2d 823 (1983) ("The burden of proof, and the burden of going forward, once a theft has been established, rests upon plaintiff bailor.…"). Proof that the damage occurred by vandalism, without more, does not suffice to establish the absence of reasonable care. *See Feuer Hide and Skin,* 439 N.Y.S.2d at 705. Accordingly, because Plaintiff has made no showing that Defendants failed to exercise ordinary and

reasonable care in protecting his automobile,[1] other than the mere fact of the vandalism and the presence of surveillance cameras on the Defendants' property, he cannot survive this motion for summary judgment. On these facts, evidence of the mere presence of surveillance cameras would not allow a reasonable jury to find negligence on the part of the Defendants.

Furthermore, negligence on the part of the Defendants appears almost precluded on the basis of the factual record. Because of the surreptitious nature of the vandalism complained of here (someone sneaking up behind a car and inserting four potatoes into Plaintiff's tailpipes), and the fact that someone could—depending on the location of the security cameras in relation to Plaintiff's parked car and, indeed, to its tail pipes—elude detection while vandalizing the vehicle, the Court cannot presume negligence, as the Plaintiff would have us do. *See* Pl. Aff. in Opposition of Sep. 29, 1994 ("The Postal Service was negligent because if the person who was manning the desk in the main control room was doing their job, they would have seen the persons responsible for the vandalism done to my automobile.") Plaintiff's allegation is not self-proving, and the mere statement that the VMF "had surveillance cameras mounted throughout the facility" fails to carry the Plaintiff's burden. Accordingly, Defendants' motion for summary judgment is granted.

### III. CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment in favor of the Defendants and close the case.

SO ORDERED.

---

**1.** The Court takes judicial notice of the fact that at least one insurance company would have covered the damage to the Plaintiff's engine through vandalism had the plaintiff had a comprehensive insurance policy.